KANNER, Associate Justice.
This is not an unusual case, but is one of the innumerable cases of marital discord confronting this Court from time to time.
The appellant, Louis Borodowsky, being dissatisfied with the ruling of the lower court, has appealed from such decision and contends that such court erred in denying him a divorce, in awarding separate maintenance to appellee, Clara Borodowsky, his wife, and in allowing a fee for her attorneys.
The appellee and the appellant were married in 1918. The appellee, a resident of the State of New York, filed suit in the court below against the appellant, a resident of Dade County, for alimony unconnected with causes of divorce. She charged that she is living apart from appellant through his fault and sought an allowance of permanent alimony, attorneys’ fees and suit money. The appellant counterclaimed for decree of divorce, charging appellee with adultery, extreme cruelty and desertion for a period of more than one year.
To give the substance of the evidence relating to the charges and the counter-charges will not be edifying nor will it serve any helpful purpose. It is sufficient to say that the Chancellor, as the trier of the facts, found and determined that the ap-pellee is living apart from the appellant through his fault; that appellee has not been guilty of adultery, of extreme cruelty to appellant, of wilful, obstinate and continuous desertion of the appellant for more than one year, or of any conduct which is a *869 ground for divorce; and that the equities of the cause are with appellee.
On the phase relating to an allowance to appellee for support money and attorneys’ fees, it may he stated that the appellee has no means of support and is suffering a physical disability which caused her to discontinue working, throwing the burden of her support on the two daughters of ap-pellee and appellant. The appellant, while a resident of New York, had been engaged in the bookbinding business; he had sold this business before his departure to Florida and is now engaged in the same business in Miami, having in addition other certain sources of income. He had been making some contributions toward appel-lee’s maintenance, but these he ceased about April, 1951. The Chancellor found that the appellant has the ability to contribute to the appellee’s maintenance; that she is entitled to such contribution, and he ordered that appellant pay her the weekly sum of $15, and further that he pay her attorneys the sum of $10 weekly until the total sum of $500 has been paid as compensation for their services rendered for appellee in this suit.
The gist of the issues involved is summed up in the question of whether the evidence supports the decree of the Chancellor. The questions presented are mainly questions of fact which the Chancellor resolved in favor of the appellee. Under circumstances like these, this Court will not substitute its judgment for that of the trial court.
The appellee has filed motion in this Court for an award of fees for her attorneys and for suit money in connection with this appeal. The trial court having allowed the sum of $500 as an attorneys’ fee, a further award for a fee because of this appeal is not warranted; and the motion in that regard is denied. As for the suit money, the appellee is entitled to an award against the appellant for the actual traveling expenses of her counsel from Miami to Tallahassee and return. See Schuberth v. Schuberth, Fla., 52 So.2d 332 next to last paragraph on page 333. The Chancellor is directed to determine and assess such amount.
No manifest error having been made to appear, the final decree is affirmed.
Affirmed.
MATHEWS, C. J., and TERRELL and SEBRING, JJ., concur.