59 So.2d 57 (1952)
McNEILL
v.
McNEILL.
Supreme Court of Florida, Special Division B.
March 28, 1952.
Rehearing Denied June 14, 1952.
P. Donald DeHoff and D. Byron King, Jacksonville, for petitioners.
Lloyd Bass, Walter G. Arnold, Jacksonville, Messer & Willis, Ben C. Willis, Tallahassee, for respondent.
CHAPMAN, Justice.
On December 2, 1950, the Circuit Court of Duval County, Florida, made and entered its said final decree of divorce in the case of James Y. McNeill, plaintiff, versus Mary McNeill, defendant. The decree granted: (1) a divorce a vinculo matrimonii to the wife, Mary McNeill, as against her husband, James Y. McNeill; (2) the decree approved the stipulation of the parties as to the support and custody of their minor child, James Ragsdale McNeill; (3) the decree awarded the mother the custody of the minor child from September through May, during the period the child was attending school, and the father was awarded the custody from June through August, with visitation privileges to each parent of the child at reasonable times and hours when the child was with the mother and when it was with the father; (4) the father was required to pay $12.50 per week for the support and maintenance of the minor child until the child became 21 years of age or self-supporting, or until the further order of the Court.
On June 25, 1951, James Y. McNeill filed in said cause in the Court below his petition for a modification of the final decree entered approximately 17 or 18 months prior thereto. The petition was directed largely to paragraph 4 of the final decree, which is viz.: "4. The defendant, Mary McNeill, shall have the care, custody and control of James Ragsdale McNeill, minor child of the parties, during those months of each year from September through May, when the said minor child is, or will be attending school; and the plaintiff, James Y. McNeill, shall have the care, custody and control of the said minor child during *58 those months of each year from June to August, commencing one week after the end of the school term and ending one week before the commencement of the next succeeding school term. During those months of the year when the said minor child is in the care, custody and control of the defendant, the plaintiff shall have the right to visit said minor child at reasonable times and hours; and during those months of the year when the said minor child is in the care, custody and control of the plaintiff, the defendant shall have the right to visit the said minor child at reasonable times and hours."
The reasons assigned in the petition for a modification were twofold. First, the father, since the entry of the final decree, has ascertained and discovered information and evidence to the effect that the defendant, Mary McNeill, is not a fit and proper person to have the custody, care and control of the minor child: because (a) she is a person of immoral character; and (b) the invironment and circumstances in which the defendant, Mary McNeill, is rearing the minor child are unfit and improper and do not lend to the good character and morals of said minor child. If the custody of the child is continued with the mother, the defendant mother will endanger the welfare, health and morals of the minor.
Second, the plaintiff James Y. McNeill, since the entry of the final decree, has remarried and has established his home in Duval County, Florida, and he is the fit and proper person to have the care, custody and control of the minor; and he is now maintaining and will continue to maintain a fit, proper and suitable home for said minor to be reared, and will not subject the child to immoral and improper influences. The defendant, Mary McNeill, answered the petition and denied each and every the material allegations of her former husband's petition for modification. In her answer she requested that an order be entered by the Chancellor awarding suit money, costs and attorneys fees incident and necessary to defend herself, protect her interests and the interests of the minor child of the parties.
The Chancellor below referred the matter to a Special Master, who heard evidence as adduced by the respective parties on the issues made by the petition and the answer of Mary McNeill. The following language is taken from the report of the Special Master to the Chancellor: "From all the testimony adduced before him the Special Master is unable to find that there has been any such change in the lives or circumstances of either of the parties as would justify the Court in modifying its decree to take the custody of the child here involved from its mother." From the evidence adduced the Special Master found and recommended to the Chancellor that the sum of $750 was a reasonable fee to be allowed the mother for the services of the attorney in her defense of the suit instituted by James Y. McNeill in the filing and prosecution of the petition for the modification of the final decree. The Chancellor ratified and approved the report and recommendations of the Special Master in every detail, except the allowance of counsel fees for the defenadnt, Mary McNeill, which were denied. Mary McNeill filed in this Court her petition for interlocutory writ of certiorari and prayed for an order quashing the decree of the Chancellor below which disallowed her counsel fees.
Section 65.16, F.S.A., Chapter 25037, Acts of 1949, provides:
"65.16 Divorce; subsequent proceedings; costs, fees, etc.
"(1) Whenever any legal proceeding is brought for the purpose of enforcing a decree or order of the court, providing for the payment of alimony or support for children, the court may, in the exercise of a sound judicial discretion, allow to the divorced wife such sums of suit money, including a reasonable attorney's fee, as from the circumstances of the parties and the nature of the case shall be fit, equitable and just.
"(2) Any order so made under the provisions of this section shall be enforced in the same manner as are other chancery orders or decrees. Laws 1949, c. 25037, §§ 1, 2."
*59 See Monyak v. Monyak, Fla., 43 So.2d 903, and Kelley v. Kelley, Fla., 56 So.2d 439.
It is our view and conclusion that the authorities, supra, are here controlling and it was error on the part of the Chancellor below to deny the wife counsel fees in the defense of the husband's suit brought against his former wife praying for a modification of the final decree dated December 2, 1950. Accordingly the petition for certiorari is granted and the order complained of is quashed, with directions to the Chancellor below to determine the amount of a reasonable fee, from the evidence now in the record, to be allowed the wife for the services of her attorney and make and enter an appropriate order therefor.
The petition of the wife for an allowance of fees for services rendered in the cause in this Court is hereby granted and the amount fixed at the sum of $250.
It is so ordered.
SEBRING, C.J., and HOBSON and MATHEWS, JJ., concur.