MATHEWS, Justice.
In this case appellee filed a proceeding for modification of a prior divorce decree, which awarded her alimony, wherein she sought an increase in the award. The appellant filed an answer in which was incorporated a counterclaim. In the counterclaim he prayed for a decree relieving him of any further liability for alimony under the original decree.
The basis of the bill of complaint seeking to increase the amount of alimony was a *25 change in the circumstances and abilities of the parties. In his answer the appellant not only filed his defenses against the claim of the wife for an increase in alimony but also in asking for affirmative relief sought to prevent the enforcement of the decree for. $100 per month by obtaining a modification thereof by, eliminating alimony entirely. The basis of his defense-to the wife’s suit and for affirmative relief was that the wife sought alimony solely to satisfy her spite, that she sought revenge, -that she was self-supporting, and that since the divorce decree she had written letters ■and done everything within her power to carry out an announced determination to make his life miserable and to destroy him if she could. Upon motion the Court 'struck portions of the answer' and the counterclaim with reference to the conduct of the wife subsequent to divorce and particularly the- reference to the letters which she had written. At the trial, however, the appel- . lant offered in evidence 30 letters written •by the appellee which were admitted in evi-dence and these letters supported some of the allegations of the answer seeking affirmative relief.
In the final decree the Court found that the financial condition of the wife conformed substantially to the situation at the •time of the divorce and the award of alimony, while the practice of his profession ■as a physician of the husband had materially increased- which bettered his financial condition. The Court then said:
“The former wife, as plaintiff here, does not come into equity with clean hands. In spite of the fact that she is entitled to a decree on the merits of the matter about which she brought her present suit, by the writing of these letters she has barred herself from seeking the aid of a court of equity. These letters are tied in with the marital problems of the parties which were the subject matter of the divorce, and they operate directly with reference to the defendant in this case, and that brings them squarely within the clean hands maxim.
“Accordingly, the plaintiff’s prayer for increase in alimony is hereby denied. * * *
“ * * * The wife’s conduct in writing these letters has resulted in her losing this suit, in that'' she is not granted any additional alimony which she sought herein, but that does not necessarily'mean that she can-never obtain an increase of alimony in the fii-tiire, if the facts and circumstances warrant the -same, but, before she -can do so, a reasonable and substantial lapse of time must occur during which-she must have refrained from any further efforts to annoy, harass, or injure the defendant, and jurisdiction of this Court is expressly reserved in this cause with reference to the matter discussed in this paragraph.”
The Court refused to grant the relief sought by the counterclaim.
The Court in and by the final decree appealed from awarded the sum of $450 for attorney’s fees on the theory that the same was authorized by Chapter 25037, Laws of Florida 1949, which is subsection (1) of Section 65.16, F.S.A., as “being a proceeding for the enforcement of a decree relating to alimony.” The statute in question is:
“(1) Whenever any legal proceeding is brought for the purpose of enforcing a decree or order of the court, providing for the payment of alimony or support for children, the court may, in the exercise of a sound judicial discretion, allow to the divorced wife such sums of suit money, including a reasonable attorney’s fee, as from the circumstances of the parties and the nature of the case shall be fit, equitable and just.”
The appellant contends this award of attorney’s fees was error -because the attor-' neys for the appellee rendered service to the wife in bringing the suit to increase the amount of alimony. The Court below did not allow any attorney’s fees for this service. The allowance of attorney’s fees was because of the services rendered by the attorney for the wife in defending her *26 against the counterclaim filed by the husband. In this counterclaim the husband attempted to have the Court modify the original decree as to alimony by eliminating all alimony therefrom. Had the husband prevailed, there would have been no decree for alimony to be enforced. The services rendered by the attorney for and to the wife in opposing the counterclaim constitutes services for the purpose of enforcing the original decree or order for alimony.
Thi9 entire matter was addressed to the sound discretion of the Chancellor. It has not been made to appear that he abused his discretion.
We have carefully studied this record and considered all assignments of error. No reversible error has been shown.
Affirmed.
SEBRING, C. J., TERRELL, J., and WHITE, Associate Justice, concur.