63 So.2d 764 (1953)
SIMPSON
v.
SIMPSON.
Supreme Court of Florida, en Banc.
March 17, 1953.
Carey & Harrison, St. Petersburg, for appellant.
Bussey & Simmons, St. Petersburg, for appellee.
ROBERTS, Chief Justice.
The principal question here presented may be stated as follows: Where the husband petitions for a reduction of the amounts allowed in a former decree for alimony and child support, is the wife entitled to suit money, including a reasonable attorney's fee, under the provisions of Section 65.16, Florida Statutes, F.S.A.? It is our opinion that Section 65.16 should be so interpreted. This is so because when the wife defends such a petition, she is, in effect, litigating to enforce that portion of the former decree which by his petition he seeks to take away from her. This court has heretofore held, in Selinsky v. Selinsky, Fla., 62 So.2d 24, 26 that the services rendered by an attorney on behalf of a wife in resisting the husband's counterclaim seeking to have the court modify its former decree by eliminating therefrom the provisions respecting alimony "constitutes services for the purpose of enforcing the original decree or order for alimony." Similarly, when the husband petitions for a reduction, the wife must employ an attorney to defend against his claim for a reduction, and his services are, as in the Selinsky case, "for the purpose of enforcing the original decree or order for alimony."
It is our opinion, then, that the word "enforcing" in Section 65.16 should be given a broad and liberal interpretation so that the wife may be provided with suit money to defend against any attack upon a former decree made by the husband, whether such attack be for the purpose of eliminating entirely or merely reducing the amounts therein awarded for alimony and child support, since her defensive litigation is for the sole purpose of enforcing a compliance with the decree as originally entered. Any other interpretation would permit a husband to harass an indigent wife by filing multiple petitions for modification of a former decree, which she would be unable to defend unless awarded suit money by the court.
*765 Clearly, the statute will not be applied to give suit money to a wife who attacks a former decree by applying for a modification thereof. And, in any case, the matter of attorney's fees is addressed to the sound judicial discretion of the trial court; it must be reasonable and "as from the circumstances of the parties and the nature of the case shall be fit, equitable and just."
The questions presented on the cross-appeal have been carefully considered, and no error has been found. See the dissenting opinion by Mr. Justice THOMAS for a full discussion of this matter.
For the reasons stated, that portion of the decree denying to the wife a reasonable amount for the services of her attorney in resisting the husband's petition for modification of the decree is reversed. That portion of the decree attacked on the cross-appeal is affirmed, for the reasons stated in the dissenting opinion by Mr. Justice THOMAS.
Affirmed in part and reversed in part.
TERRELL, SEBRING, HOBSON, MATHEWS and DREW, JJ., concur.
THOMAS, J., dissenting.
THOMAS, Justice (dissenting).
On the main appeal the sole question presented is the propriety of the chancellor's denial of the appellant's petition for compensation of her attorneys in a post-divorce proceeding to decrease, on the former husband's petition, or increase, on the former wife's petition, the allowances for alimony and support of the parties' children. The appellant bases her position upon Chapter 25037, Laws of Florida, Acts of 1949, section 65.16, Florida Statutes 1949, and F.S.A., and our decisions in Monyak v. Monyak, Fla., 43 So.2d 903, and McNeill v. McNeill, Fla., 59 So.2d 57.
Historically, until relatively recent years there was no authority for granting suit money except upon the basis of the marriage relationship. When the parties ceased to be man and wife any such obligation died with the dissolution of the union. In Carson v. Oldfield, 99 Fla. 862, 127 So. 851, it was held that a woman divorced, remarried, and divorced again, was not entitled to alimony from the first husband to rehabilitate herself, nor to suit money, the first divorce having become absolute and the first husband's duty therefore having ceased. Such, for many years, seems to have been the established law with a deviation in Frohock v. Frohock, 117 Fla. 603, 158 So. 106, from which the court, later, in Vinson v. Vinson, 139 Fla. 146, 190 So. 454, receded.
Then came Chapter 21881, Laws of Florida, Acts of 1943, providing that a court could award suit money and attorneys' fees to a party prosecuting or defending in good faith further proceedings in respect of enforcement or modification of alimony, or other matter arising as a direct result of the divorce. This act was first held unconstitutional in Chiapetta v. Jordan, 153 Fla. 788, 16 So.2d 641, but later, on rehearing, was held constitutional.
By Chapter 22858, Laws of Florida, Acts of 1945, Chapter 21881, supra, was repealed, and in 1949 the present law, Chapter 25037, supra, was enacted. It provides:
"whenever any legal proceeding is brought for the purpose of enforcing a decree or order of the court * * for the payment of alimony or support for children, the court may * * * allow to the divorced wife such sums of suit money, including a reasonable attorney's fee, as * * * shall be fit, equitable and just." [Emphasis added.]
In Monyak v. Monyak, supra [43 So.2d 904], the former husband sought a modification of the required alimony payments. The court ordered him to compensate the attorneys of his former wife for their services in resisting his petition. The petition was filed before, and the order was entered after, the effective date of Chapter 25037, supra. Evidently the appellant contended that no fee was allowable because the act was not effective when the petition was filed. The court was "not impressed with the contention" so the order was affirmed. This ruling seems to *766 have been founded primarily, if not solely, on the influence of the act on the particular litigation, and not to have disposed directly of the point now presented, i.e., whether the statute authorized any fee at all in a proceeding for modification.
Later, in McNeill v. McNeill, Fla., 59 So.2d 57, 59, the question here involved was presented and the court held, after quoting the statute, section 65.16, supra, that "it was error on the part of the Chancellor * * * to deny the wife counsel fees in the defense of the husband's suit brought against his former wife praying for a modification of the final decree * * *." Authority for the ruling were the opinions in Monyak v. Monyak, already digested, and Kelley v. Kelley, Fla., 56 So.2d 439. The only part of the latter opinion now relevant was the requirement that an attorney's fee be paid in this court, supporting which was cited in Monyak v. Monyak, supra.
So, to summarize, it appears that the decision in Monyak v. Monyak, supra, was oblique as to the authority in the statute for allowance of fees for resisting a petition to modify; that it formed the basis for the decision in Kelley v. Kelley, supra; and that the decision in McNeill v. McNeill, supra, rested precariously on both.
Upon re-examination of these cases and study of the present one I am impelled to the view that when the words appearing in the statute are given their ordinary meaning there is no authority for exacting money from the man to compensate the woman's attorneys in circumstances appearing in the record of this case, but the court is restricted in the exercise of that power to proceedings forcing him to meet the obligations imposed on him. To say why this should be so would necessitate an excursion into conjecture and, of course, we should not be influenced by argument about what the law ought to be. It is interesting to note from the history of the legislation that the act allowing such compensation was repealed a year after this court declared it constitutional, the act, Chapter 22858, supra, containing the notation that section 65.16 was omitted because it had "been held unconstitutional by the Supreme Court." This was based on the first opinion in Chiapetta v. Jordan, supra, while the opinion on rehearing holding to the contrary was overlooked. The present law granting greatly restricted relief was enacted four years after that. Even so, there was no attempt to enact further laws similar to section 65.16; hence it may be deduced that the law making body did not wish litigants to have the remedy now sought.
I pass to the question on the cross appeal which constitutes a challenge to the chancellor's denial of the appellee's petition to reduce the payments he was commanded to make. Using round numbers, it was contended that his yearly income, which was $18,000, net, when he was ordered to pay $450 monthly to the wife and children, had shrunk to $11,500, net. Of this amount $5,400 went to the mother and children, $5,300 to appellee, and $800 to pay insurance premiums.
Of course, the necessity of the woman and the ability of the man having once been determined by the final decree, the payments become fixed as long as the circumstances remain unchanged to any material extent. Though they complement each other to a certain degree, the ratio is not static to the extent that fluctuation in one automatically and proportionately affects the other.
In this case, a sharp decline is shown in the income of the man, but there is no proof that the expenses of the woman and the children have diminished. Although the ability of the man to pay has been influenced by circumstances arising after the amounts were determined, the needs of the wife have not changed, at least not downward. The children are getting older, hence demanding more. At least one factor affecting the man's expenses the purchasing power of the dollar, affects hers likewise.
It will have been seen from the very brief statement of the facts that the man is not faring too badly. True, the woman's share is now proportionately larger, but so far as we are informed by the record, it is none *767 too much for her own needs and for rearing the children who are now in her charge.
The cross-appellant's argument is forceful, but it is not so convincing as to justify an interference with the ruling of the chancellor that the status set in the original decree should not now be changed. To do so would commit this court to the proposition that the woman's allowance should be reduced on the lone circumstance that the man's income had diminished. This alone is not enough to warrant the relief he seeks.
Whatever appears in the cited cases, as well as Selinsky v. Selinsky, Fla., 62 So.2d 24, that conflicts with this decision should be overruled.
For the reasons given I cannot concur in the majority opinion.