71 So.2d 491 (1954)
HAYNES
v.
HAYNES.
Supreme Court of Florida. Division A.
February 23, 1954.
Rehearing Denied March 15, 1954.
*492 Hull, Landis, Graham & French, John L. Graham and E.A. Rano, De Land, for appellant.
Raymond & Wilson, Daytona Beach, for appellee.
SEBRING, Justice.
Elizabeth Haynes was awarded a final decree of divorce in 1944, in the Circuit Court for Volusia County, Florida. The parties to the cause filed with the court, prior to entry of the final decree, a stipulation providing that the defendant husband pay his wife's counsel fees, half of their jointly assessed income tax, and all costs of the divorce proceeding; that he surrender to the plaintiff wife the real estate occupied by the parties as their home, "free and clear of all liens and encumbrances, by way of * * * taxes, mortgages, or otherwise;" and that a certain legacy bequeathed to defendant husband by his grandfather be paid over as follows:
"That the Honorable R.H. Boyd, Trustee under the Will of Alexander Calvin Haynes, be and he is hereby authorized to pay that certain legacy for $15,000.00, devised and bequeathed under paragraph 3 of the Will of Alexander Calvin Haynes, deceased, with accrued interest thereon to date of payment, as follows:
"3/4th to Murray Sams, Esquire, Attorney of Record for plaintiff, for the use and benefit of plaintiff; and
"1/4th to Ernest A. Rano, Esquire, Attorney of Record for defendant, for the use and benefit of defendant,
"out of which 1/4th interest, said Attorney is to first pay all obligations assumed or imposed upon defendant in and by this stipulation, or the final decree to be entered herein."
The stipulation also provided "that the plaintiff will not ask for alimony in the final decree to be entered herein," and "that this stipulation be made a part of the final decree herein."
By the terms of the final decree the various transfers of property and funds were ordered to be made "in accordance with stipulation of the parties," without any express reference to the matter of alimony. No appeal was taken from the decree.
In 1947 Elizabeth Haynes filed a petition for modification of the decree so far as it pertained to alimony, setting up as a ground for modification a change of circumstances of the parties in that the defendant husband's income had increased from a modest sum at the time of the decree to an average net income in excess of $50,000 per annum at the time of the petition. As authority for her claim petitioner *493 relied on Chapter 16780, Laws of Florida, Acts of 1935 (now section 65.15, Florida Statutes 1951, F.S.A.), which reads as follows:
"Modification, alimony decrees; agreements, etc.  Whenever any husband and wife heretofore, or hereafter, shall have entered into any agreement providing for the payments for, or in lieu of, separate support, maintenance or alimony, whether in connection with any action for divorce or separate maintenance, or with any voluntary property settlement, or whenever any husband has pursuant to the decree of any court of competent jurisdiction been required to make to his wife any such payments, and the circumstances of the parties or the financial ability of the husband shall have been changed since the execution of such agreement, or the rendition of such decree, either party may apply * * * for an order and judgment decreasing or increasing the amount of such separate support, maintenance or alimony * * *."
The primary question on the appeal is whether alimony may be granted in a modification proceeding under the above statute when the original final decree of divorce between the parties made no provision for continuing alimony payments but instead provided for a division of property and certain lump sum awards to the wife, pursuant to written stipulation of the parties filed with the court.
It is contended that an earlier adjudication of this Court, in a proceeding for interlocutory certiorari to review a decree dismissing the petition of appellee herein for modification of the divorce decree so as to award alimony to her, is determinative of the issue. Haynes v. Haynes, Fla., 40 So.2d 123, 125. However, an examination of the opinion in the case will reveal that the ruling of this Court, that "the petition is within the provision of Section 65.15, F.S. 1941," was predicated on the existence of an issue as to whether "some of the benefits of a legacy which was a subject matter of the stipulation have not been received or paid, as contemplated by the stipulation". (Emphasis supplied.) And from the evidence now before us on this appeal it is plain that the terms of the stipulation between the parties were carried out in full, and that the appellee relies entirely on other circumstances to warrant a new award of alimony.
The issue presented, therefore, is whether a change of circumstances, such as an increase in the husband's income, is sufficient to justify the entry of a modification order granting alimony in the face of a completely executed stipulation and decree, by the terms of which appellee agreed, in consideration of the transfer of stated sums of money and property to her, that she would "not ask for alimony."
With respect to this issue, we are of the opinion that whether under statutory power a court may award alimony, or increase or decrease it, after the entry of a final decree of divorce based in its financial aspects on an agreement between the parties, must depend in each instance "upon the underlying purpose of the agreement and the facts of each particular case." Kooman, Florida Chancery Pleading and Practice, § 241, 1952 Supp. "There is a definitely recognized difference between a property settlement in connection with a divorce and an agreement to pay stated sums at certain intervals in lieu of alimony and suit money." Norton v. Norton, 131 Fla. 219, 179 So. 414, 418. And, as a general rule in the absence of a specific statutory provision, property settlement agreements are no different from other agreements in their legal aspects, and are therefore binding when shown to be fair and regular and are certainly conclusive when they have been fully executed. See Miller v. Miller, 149 Fla. 722, 7 So.2d 9.
In accordance with this view this Court has said, since the enactment of section 65.15, Florida Statutes 1951, F.S.A., that a wife who has accepted money and property pursuant to a property agreement adopted by a final divorce decree is estopped *494 to maintain a statutory proceeding to modify the decree and require the husband to pay additional money. Norton v. Norton, supra. We have also held that when the parties to a divorce action enter into a property settlement stipulation which is adopted by the final decree, then "by the execution and performance of the terms of the agreement and final decree, all claims of the parties, each upon the other, were forever set at rest." Dix v. Dix, 140 Fla. 91, 191 So. 205, 209. However, this Court has never construed the statute providing for the modification of alimony "payments," section 65.15, supra, to permit an award of alimony when a wife has, without fraud or duress, relinquished her right to alimony, in consideration of the conveyance or payment to her of property or money pursuant to a comprehensive property settlement agreement, and such agreement has been fully executed and performed. See also Gross v. Gross, 154 Fla. 649, 18 So.2d 538; Miller v. Miller, supra. To the contrary, it will be found that in every instance where a petition for modification has been considered on its merits, and a new alimony award made or denied on the ground of changed circumstances since the execution of a property settlement agreement or stipulation between the parties, the court has granted such relief because the agreement involved was executory in nature, and, in most cases, did not purport to be a final relinquishment of alimony but merely settled the question of what periodic payments would be satisfactory to the parties, so as to obviate the taking of testimony on that issue. Fowler v. Fowler, 159 Fla. 100, 31 So.2d 162; Cohn v. Mann, Fla., 38 So.2d 465; Vance v. Vance, 143 Fla. 513, 197 So. 128.
Inasmuch as the agreement or stipulation in the case at bar comes within the rule of the first group of cases above cited, and since petitioner has made no showing of fraud or overreaching, or that the terms of the agreement in question were not fully performed, we hold that the trial court was in error in granting the relief sought.
The final question on this appeal is in reference to the attorney's fee allowed by the trial court to the appellee for the services of her attorney in prosecuting the suit.
In Simpson v. Simpson, Fla., 63 So.2d 764, 765, it was decided by this Court that whereas, under section 65.16, Florida Statutes 1951, F.S.A., it is proper to allow an attorney's fee to an ex-wife who is compelled to defend against a proceeding instituted by an ex-husband to modify a final decree for alimony," * * * the statute will not be applied to give suit money to a wife who attacks a former decree by applying for a modification thereof." In fairness to the trial court, it should be noted that Simpson v. Simpson, supra, was not decided until after the entry of the order appealed from in the instant case, and consequently the trial court could not have known of the decision until after the decree from which this appeal is taken was rendered.
From the conclusions reached it follows that the decree appealed from should be reversed and the cause remanded with directions that a decree be entered in accordance with this opinion and judgment.
It is so ordered.
ROBERTS, C.J., and TERRELL and MATHEWS, JJ., concur.