THOMAS, Justice.
The petitioner and respondent were divorced by decree of the Circuit Court of the Seventh Judicial Circuit 28 June 1946. At the time they were parents of a son nearly fourteen years of age, a daughter twelve and a daughter five.
Incorporated in the final decree was a formal agreement, executed by the parents two months previously, reciting the history of their married life, each recognizing the “duties, obligations and rights of the other with respect to their property interests” and both “being * * * desirous for the benefits thereby resulting to each, to definitely settle for all time their respective property interests and to provide for the custody, support and education of [the] children * * * and the support of the wife * *
With this preface the petitioner agreed to pay the respondent every month “so long as she shall live” $250 for her support and for the support and education of the children, with provisions for increasing or decreasing the amounts as petitioner’s income varied. But there is no occasion to detail these stipulations as will be clear when the grounds upon which the petitioner relies for modification of the payments are digested. It was expressly agreed that in the event the petitioner predeceased the respondent the periodic payments should be made from his estate.
The respondent was obligated to support and educate the children until they reached majority and the petitioner was bound to assume this obligation should the respondent die first.
In the agreement the respondent was -elieved from rendering any account whatever with respect to monies received by her.
In his petition to have provisions of the decree for the monthly payments to respondent modified, the petitioner did not complain of the amounts or claim his income had diminished, but he charged that circumstances of the children resulting from the passage of time warranted an allocation of the money among them and the respondent.
The chancellor concluded that the agreement had been made in good faith and “should not” be disturbed. He thought that it constituted a property settlement as well as a contract for alimony and support and concluded there was no reason to upset it. With all this we agree.
It is plain to us from a study of the agreement and especially the parts we have quoted that it was a combined arrangement for care of the wife and children and a settlement of the property interests of the signatories. The attainment of majority by the children was not mentioned as a condition which would effect a change in the remittances.
The petitioner asks us whether or not the circuit court “can” allocate the payments among the respondent and children and whether or not the court “can” reduce the sums because two of the children have become self-supporting. That is beside the point. The question is whether or not the court should do so in all the circumstances and, as we have commented, we think the chancellor ruled wisely when he decided that it should not. To do so would have required re-writing a solemn contract that had been in force many years when the petition for modification was filed.
To use petitioner’s words he tells us that the purpose of this litigation is to effect a division of the money “as should have been done by the original divorce decree.” The parties were obviously sui juris and fully conscious of their responsibilities, and the argument that the court should do what the petitioner now thinks should have been done does not impress us. The petitioner *43 frankly admits there is no basis for a reduction in the amounts of the payments and, as frankly, states that he seeks only a redistribution of them.
The petitioner has cited many decisions of this court, notably, Kennard v. Kennard, 131 Fla. 473, 179 So. 660; Sheppard v. Sheppard, Fla., 45 So.2d 505; and Haynes v. Haynes, Fla., 71 So.2d 491, dealing with the propriety of modifying final decrees awarding alimony. But there is no need to digest them for the facts relevant to those decisions show that the rulings are inapplicable here. In the instant case such changes as have occurred were the result of the inexorable passage of the years and were, therefore, in contemplation of the parties when they wrote finis to their marital venture, balanced their hooks, so to speak, and decided upon a sum the respondent should receive monthly throughout her life, even if she survived the petitioner, and presumably, even if she were to remarry, all with the lone condition, presently inapplicable, which we have related.
The petitioner complains about the allowance of attorney’s fees in a case of this sort and his argument is not without logic since it is provided in Sec. 65.16, Florida Statutes 1951, and F.S.A., that fees in a proceeding, after final decree, dealing with payments required for alimony and support may be allowed the former wife when the proceeding is one to enforce the payments. However, this court, in Simpson v. Simpson, Fla., 63 So.2d 764, decided that the resistance of an attempt by the former husband to have the sums reduced was in effect “litigating to enforce that portion of the former decree which by his [the former husband’s] petition he seeks to take away from her.” The law announced in that case was justification for the award of fees to the respondent in this one because the petitioner by his petition was seeking an order depriving the respondent of part of the money contracted to be paid to her and directing its payment to the children instead.
It seems to us the chancellor had sufficient information from the record itself to justify the allowance of the modest fee of $150 for the services of respondent’s attorney for resisting the effort of the petitioner to upset the provisions in the final decree for alimony and support money.
The petition for certiorari is denied.
TERRELL, C. J., and HOBSON, THORNAL and O’CONNELL, JJ., concur.