104 So.2d 799 (1958)
George Leslie GULLETTE, Appellant,
v.
Alicia W. OCHOA, Formerly Gullette, Appellee.
No. 98.
District Court of Appeal of Florida. First District.
September 4, 1958.
*800 Larkin & Lewis, Jacksonville, for appellant.
No appearance for appellee.
CARROLL, DONALD, Judge.
In this appeal the appellant seeks review of a final order entered by the Circuit Court for Duval County, requiring the appellant to pay to his divorced wife the sum of $242.50 monthly for the support of their *801 three minor children, and further requiring him to pay to his wife's attorney the sum of $350 as attorney's fees, $150 to a special master, and $18.60 as costs.
In 1952 in a divorce suit brought by the appellant, the husband, against the appellee, his wife, the Circuit Court for St. Johns County entered a final decree of divorce, incorporating in the decree a stipulation that had been entered into between the parties. Under this stipulation the appellee was given the custody of their three minor children, and the appellant was required to pay to the appellee the sum of $150 monthly for the children's support.
In 1955 the appellee filed in the Circuit Court for Duval County a petition entitled "Petition for Enforcement or Modification of Final Decree Pursuant to 1953 Laws of Florida, Chapter 28187, House Bill 111, F.S.A. § 65.18(1)(d)", in which she showed the entry of the final decree in 1952 by the Circuit Court for St. Johns County and alleged that the appellant had received two pay raises and one promotion in rank as a naval officer and that the children were older and needed more money for their support. The appellee, as the petitioner, then prayed that pursuant to Section 65.18(1) (d), Florida Statutes, F.S.A., a rule issue requiring the appellant to show cause why the said final decree should not be modified by increasing the support payments required to be made by appellant and also prayed for costs, attorney's fees, and expenses. The petition failed to allege that the appellant was in default in any way under the decree.
The trial court then appointed a special master to hear testimony and report the same with his findings and recommendations. Shortly thereafter the appellant filed his answer to the petition alleging that he was not in default of his support payments under the final decree of 1952, that Section 65.18, Florida Statutes, F.S.A., was inapplicable to the instant case and that the sums awarded by the said decree were sufficient for support of the children. Following the taking of testimony, the special master filed his report which, over the exceptions of the appellant, was adopted by the trial court in its final order appealed from herein. The testimony before the special master established that the appellant had at no time been delinquent in any payments due under the final decree of 1952 but that, on the other hand, he had voluntarily increased his monthly payment to $242.50 during each of the preceding several months.
An examination of Section 65.18, under which the appellee claimed to file her petition for enforcement or modification of the final decree, leads to the conclusion that this section was designed to provide an additional method for enforcing orders and decrees for the payment of alimony or support money for children or both, not to modify such orders or decrees when there is no question of enforcement.
Section 65.18, Florida Statutes, F.S.A., reads in part:
"65.18 Alimony and support and maintenance money for children; additional method for enforcing orders and decrees; costs, expenses.
"(1) An order or decree for the payment of alimony or support money for children, or both, entered by any court of this state, may be enforced by another equity court in this state in the following manner:
* * * * * *
"(d) Should the petition or the return to the rule to show cause seek a change in the amount of the alimony or support money awarded by the said order or decree the court shall have jurisdiction to adjudicate such application and amend or change the said order or decree; provided, however, that the clerk of the circuit court in which such order is entered changing the original order or decree, shall prepare and forward a certified copy thereof to the court of original jurisdiction and such order shall be recorded in the original proceedings and become a part *802 thereof. Should the petition or the return to the rule to show cause ask for a modification of the said order or decree the court may, in its discretion, determine that the cause should be determined by the court entering the original order or decree and transfer the proceedings to such court for determination as a part of the original proceedings.
"(2) The court wherein such a proceeding may be brought shall have power and jurisdiction to award costs and expenses, including the cost of certifying and recording the order entered in said cause in court of original jurisdiction and a reasonable attorney's fee, as to it may seem equitable and proper."
It will be noted that paragraph (2) quoted above provides a basis for the award of costs and expenses, including a reasonable attorney's fee, in proceedings brought under Section 65.18.
However, it is our conclusion that the proceeding in the instant case was not properly brought under Section 65.18, for the reason that it was not truly a proceeding to enforce an order or decree for the payment of alimony or support money for children or both, for the evidence was uncontradicted that the appellant had been fulfilling his obligations under the decree of 1952 and had even been voluntarily paying more than he was required to do under that decree. The appellee's petition was authorized, however, by Section 65.15 providing the procedure for modification of alimony decrees and agreements. There is, however, no statutory provision for the awarding of costs and expenses, including attorney's fees, in proceeding under Section 65.15.
The law is well established in Florida that costs, expenses, and attorney's fees cannot be awarded by the court in a suit unless such award is authorized by statute or by agreement of the parties. Dorner v. Red Top Cab & Baggage Co., 160 Fla. 882, 37 So.2d 160; Great American Indemnity Co. v. Williams, Fla., 85 So.2d 619.
Section 65.16, Florida Statutes, subsection (1), F.S.A., provides:
"(1) Whenever any legal proceeding is brought for the purpose of enforcing a decree or order of the court, providing for the payment of alimony or support for children, the court may, in the exercise of a sound judicial discretion, allow to the divorced wife such sums of suit money, including a reasonable attorney's fee, as from the circumstances of the parties and the nature of the case shall be fit, equitable and just."
It is our opinion that this statutory provision is not applicable in the present case for this provision is restricted to proceedings to enforce a decree, not to modify it, as here.
In the case of Haynes v. Haynes, Fla., 71 So.2d 491, 494, the Florida Supreme Court said:
"In Simpson v. Simpson, Fla., 63 So.2d 764, 765, it was decided by this Court that whereas, under section 65.16, Florida Statutes 1951, F.S.A., it is proper to allow an attorney's fee to, an ex-wife who is compelled to defend against a proceeding instituted by an ex-husband to modify a final decree for alimony, `* * * the statute will not be applied to give suit money to a wife who attacks a former decree by applying for a modification thereof.'"
While the Haynes case involved attorney's fees, the conclusion seems inescapable to us that the same logic should apply to costs and expenses in a suit like the present one brought by the wife to modify, not to enforce, a final decree of divorce.
It is our opinion that the trial court could properly have considered the appellee's petition for modification as having *803 been filed under Section 65.15, Florida Statutes, F.S.A., even though the petition itself declared that it was filed pursuant to Section 65.18, so the appellee was entitled to bring her petition for modification of the decree of 1952 in the Circuit Court for Duval County.
We have examined the record in this case and find substantial and competent evidence from which the trial court could properly grant the appellee's petition for an increase in the monthly payment by appellant from $150 to $242.50. However, there was no legal basis for the award against the appellant of attorney's fees for the appellee's attorney, nor for the special master's fee, nor for the costs.
The final order appealed from should, therefore, be and it is affirmed in part and reversed in part, and the cause remanded for further proceeding in accordance with this opinion.
Affirmed in part and reversed in part.
STURGIS, C.J., and WIGGINTON, J., concur.