108 So.2d 512 (1959)
Vivian METZ, Appellant,
v.
Herbert E. METZ, Appellee.
No. 58-658.
District Court of Appeal of Florida. Third District.
January 22, 1959.
Rehearing Denied February 16, 1959.
*513 Irving Steinhardt, Miami, for appellant.
Talbot W. Trammell, Miami, for appellee.
PEARSON, Judge.
The appellant and the appellee were divorced in this jurisdiction on October 9, 1953. The appellee was a nonresident defendant. The decree awarded custody of the six year old daughter of the parties to the mother. On November 19, 1957 the father filed a petition for modification of the final decree, seeking to participate in the custody of his daughter. After answer and hearing the chancellor entered an order supplementing the final decree, which in part reads as follows:
"Ordered, Adjudged and Decreed that the final decree of this court rendered in the above styled cause be supplemented so as to give defendant, Herbert E. Metz, the right to visit his child, Susan Arline Metz, each year from 12 o'clock noon on the first day of July until 12 o'clock noon on the first day of August, commencing in the year 1959. If defendant should desire to take said child out of the State of Florida, he is authorized to do so but is hereby required to deposit with plaintiff's attorney the sum of Three Hundred Fifty Dollars ($350.00) in cash or in the form of a cashier's check, made payable to plaintiff's order, to defray the expense of bringing said child back to Florida, should defendant not bring her back voluntarily. Upon said child's return to the jurisdiction of this court, the sum of money deposited by defendant which was not used to effect said child's return shall be refunded him.
"It is further Ordered, Adjudged and Decreed that this court shall retain jurisdiction over the parties hereto.
"It is further Ordered, Adjudged and Decreed that defendant shall pay Ten Dollars a week to Susan Arline Metz for her maintenance and support."
The mother appeals and urges as error the provision of the order which (1) grants divided custody to the father, (2) permits the father to take the child from this state, (3) provides for a bond of only $350.00, and (4) provides for payment of only $10.00 per week as child support. She *514 also assigns as error the denial by the court of her prayer for suit money and attorney's fee.
A large portion of appellant's argument is directed to the wisdom of the divided custody order and that provision in the order which allows the father to remove the child from this state. However, it is not our function to reassess the factors which determined the chancellor's decision, so long as we find testimony in the record sufficient to support the conclusion of the chancellor that the welfare of the child will best be served by allowing both her parents to share in her custody. See Frazier v. Frazier, 109 Fla. 164, 147 So. 464. It is further apparent that having made such a determination it is not an abuse of discretion for the chancellor to provide for the father to have his daughter with him in his own home during a part of the summer vacation.
Next we find that this amount set for child support is within the realm of reason in view of the conflicting evidence presented.
More serious questions are presented by the provisions relating to a cash bond and the denial of suit money and attorney's fee. The express purpose of the deposit in the nature of a bond is to insure the return of the child to the State of Florida and to the mother's custody after the father has taken her from the state, and his custody rights have terminated. The bond is not penal but remedial in nature and the amount thereof must have some relationship to the expenses which the mother may incur in regaining custody of the child and returning her to Florida.
It is apparent that in the event the father should fail to return the child to this jurisdiction the mother would have to resort to the courts of the State of Virginia and in all probability would have to go to that jurisdiction to enforce her rights. It is our view that under the circumstances a cash bond in the amount of $1,000.00 would be proper.
The chancellor's approval of the proposal that the deposit in the nature of a bond be made with the plaintiff's attorney was probably made by agreement of the parties to gain the advantage of directness. However, it cannot be approved in view of its uncertainty. It is true that the attorney as an officer of the court may be used as an arm of the court to effect the provisions of a decree. Upon the other hand, the relationship of attorney and client is not a permanent one. The attorney for the plaintiff may be unknown or possibly unavailable to either party at any given time in the future. It is proper that the registry of the court be used for the deposit of funds in connection with the execution of claims.
The third question involves an examination of section 65.16 Fla. Stat., F.S.A., which provides as follows:
"(1) Whenever any legal proceeding is brought for the purpose of enforcing a decree or order of the court, providing for the payment of alimony or support for children, the court may, in the exercise of a sound judicial discretion, allow to the divorced wife such sums of suit money, including a reasonable attorney's fee, as from the circumstances of the parties and the nature of the case shall be fit, equitable and just.
"(2) Any order so made under the provisions of this section shall be enforced in the same manner as are other chancery orders or decrees."
The appellant urges that she is entitled to an allowance under this section and relies upon McNeill v. McNeill, Fla. 1952, 59 So.2d 57. We find that her position is correct. See also Simpson v. Simpson, Fla. 1953, 63 So.2d 764, where the court points out that "enforcing" should be given a broad and liberal interpretation.
*515 In the case at bar the petitioner and former husband testified that he earns $3,900.00 a year and that he has $1,100.00 in a savings account. His former wife has remarried and she has no funds other than those provided by her present husband. Under these circumstances and pursuant to section 65.16, supra, the chancellor should have allowed to the former wife suit money including a reasonable attorney's fee.
The order appealed is affirmed in part and reversed in part. That portion of the order which provides for a deposit with plaintiff's attorney in amount of $350.00 is reversed, and the cause remanded to the chancellor with directions to amend this part in his order by providing for a deposit of $1,000.00 in the registry of the court and for the further purpose of allowing to the appellant suit money including a reasonable attorney's fee.
Affirmed in part and reversed in part.
CARROLL, CHAS., C.J., and HORTON, J., concur.