PER CURIAM.
On May 3, 1961, by a decree of the Circuit Court of Dade County, the appellant and appellee were divorced. The decree required the appellant to support a minor child, not adopted by the parties but who had been placed in their custody by order of a Virginia court. The appellant appealed from the decree of divorce and, inter alia, assigned as error the child support provisions of the decree. The appeal was dismissed on September 15, 1961.[1] Appellant, on February 15, 1963, filed a petition in the original proceedings to amend the final decree by eliminating the support provisions thereof and for a declaration that appellant was not legally obligated to support the child. The chancellor on motion dismissed the petition and this interlocutory appeal followed.
The appellant relies on three grounds for reversal of the order dismissing his petition. We deem it necessary to discuss only two.
Since this was a post-decretal proceedings, the petition could be considered only under § 65.15, Fla.Stat., F. S.A., or one of the provisions of Rule 1.38(b), Florida Rules of Civil Procedure.[2] A petition under § 65.15, supra, requires an allegation and showing of changed circumstances in order to warrant a change in an alimony or support decree. Obviously, the petition here did not meet those requirements since it simply alleged that there did not exist, at the time of the institution of the divorce action or at any time thereafter, a legal duty on the appellant to support the child. This is the same error which the appellant urged in the appeal from the final decree which was dismissed on September 15, 1961.
*551 As will be noted, there are generally five grounds under which a motion for relief from a final judgment or decree will lie under the provisions of Rule 1.38(b), supra. It is apparent that the first three grounds encompassed in this rule would not apply to the present proceedings. As to the fourth ground, the decree does not appear on its face to be void. The thrust of the appellant’s argument here, as we understand it, is that the requirements of the decree for the support of the minor child, who is neither the natural nor adopted child of the appellant, are without legal basis. Without deciding that question, we conclude that it does not render the decree void although it may have been erroneous and subject to reversal on appeal. See 19 Fla.Jur., Judgments, § 228; also Klausner v. Ader, Fla.App.1963, 1S6 So.2d 193.
The fifth provision of Rule 1.38(b), supra, permits relief from decrees where they have been satisfied, released or discharged, or where a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application. Our rule 1.38(b) is patterned after Rule 60(b), Federal Rules of Civil Procedure. We have been unable to find where the appellate courts of this state have construed the fifth provision of this rule, but the federal courts have generally applied this rule or permitted its use in in-junctive proceedings where changed circumstances would render it inequitable to permit the injunctive decree to have prospective application. See 7 Moore, Federal Practice, § 60.26(4), p. 284. It can be seen under this interpretation of that portion of provision (5) of Rule 1.38(b), supra, that there is an implied admission of the validity of the original decree from which relief is sought but that changed circumstances have arisen since the decree which would make it inequitable to enforce it or give it prospective application. No such circumstances exist in the case at bar.
The appellant also contends that since there was no legal basis for the allowance of support money for the minor child, it thereupon followed that the allowance of attorney’s fees to the appellee was also without lawful authority. In view of our conclusion on the main point of the case, and the fact that it has been held that the resistance of any attempt to have support money reduced was in effect “litigating to enforce that portion of the former decree which by his (the former husband’s) petition he seeks to take away from her,” it follows that the chancellor’s allowance of attorney’s fees was not an abuse of discretion and was allowable under the provisions of § 65.16, Fla.Stat., F.S.A. Blunda v. Blunda, Fla. 1958, 101 So.2d 41; Metz v. Metz, Fla.App.1959, 108 So.2d 512.
We conclude that the chancellor was eminently correct in dismissing the petition since it failed to conform to the requirements either of § 65.15, Fla.Stat., F.S.A., or any of the provisions of Rule 1.38(b), Florida Rules of Civil Procedure. However, this conclusion is without prejudice to the rights, if any, that the appellant may have to institute an independent action to be relieved from that portion of the decree requiring child support.
Accordingly, the order appealed is affirmed.

. Teply v. Teply, Fla.App.1961, 133 So. 2d 781(3).

. Rule 1.38(b). “Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment or decree is void; (5) the judgment or decree has been satisfied, released, or discharged, ' or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) nor more than one year after judgment, decree, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or decree or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order, or proceeding, or to set aside a judgment or decree for fraud upon the court.
“Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment or decree shall be by motion as prescribed in these rules or by an independent action.”