PER CURIAM.
The former husband of the appellee appeals a final order denying his application for an increase in visitation rights with his two children.
The appellant and appellee have been divorced since March, 1958. The final decree of divorce awarded custody of the two minor children to the appellee, subject to reasonable visitation rights of the appellant. Subsequent to the entry of the final decree, appellant unsuccessfully initiated several proceedings before the lower court to increase his rights of visitation and for an award of partial custody of the children at his home in New Jersey. In July, 1962, the appellant filed a “petition for order fixing right of visitation and other relief.” In essence this petition sought to set certain times and places at which the appellant would be entitled to visit with his children and to restrain the appellee from allegedly interfering with his rights of visitation. The petition also requested an injunction to restrain the appellee from changing the legal name of the children (Wilner) to that of O’Neal (the appellee’s present name). To this last petition the appellee filed an answer, which included a prayer for increased child support. After hearing, the chancellor entered an order (1) denying the appellant’s requested relief, (2) granting an increase in child support payments, (3) awarded an attorney’s fee to ap-pellee’s attorneys and (4) costs which included travel expenses incurred by the ap-pellee’s counsel in attending a deposition taken by the appellant in New Jersey.
The gist of the issues involved (other than the question of attorney’s fees and costs) is summed up in the question of whether the evidence supports the final order of the chancellor. The questions presented are mainly questions of fact which *236 the chancellor resolved in favor of the ap-pellee. Under such circumstances this court will not substitute its judgment for that of the trial court especially where, as here, there is substantial competent evidence to support his conclusion.
The final decree of divorce of March, 1958, granted the appellant reasonable rights of visitation. This right was reaffirmed by the chancellor in the instant proceedings. It was for the chancellor to determine from the evidence whether a change in circumstances had occurred and if so, did the best interests of the children require a modification of the prior custody decree. His decision not to modify the custody provision of the Final Decree is clearly supported by the record.
As to the question, of enjoining the appellee from changing the name of the children, suffice it to say that the record supports appellee’s contention that she has in no way changed the legal name of the children.
 Turning now to the final question of attorney’s fees and costs, it appears that the chancellor was correct in granting such an award. The attorney’s fee was not awarded for an attempt to increase alimony or child support as contended by the appellant. The fee was properly awarded for enforcing the final decree of divorce as against the petition of the appellant to modify such decree. This question has been previousy adjudicated by the courts of Florida in appellee’s favor. See Metz v. Metz, Fla.App.1959, 108 So.2d 512; McNeill v. McNeill, Fla. 1952, 59 So.2d 57. Further, costs were properly assessed against the appellant under the rule enunciated in Borodowsky v. Borodowsky, Fla. 1955, 78 So.2d 868 and Cone v. Cone, Fla. 1953, 68 So.2d 886.
The order appealed is affirmed.
Affirmed.