186 So.2d 39 (1966)
Anne Marlowe SALOMON, Appellant,
v.
Morris S. SALOMON, Appellee.
No. 65-504.
District Court of Appeal of Florida. Third District.
March 1, 1966.
*40 Miller & Podell, Miami Beach, for appellant.
Williams, Salomon & Kenney, Miami, for appellee.
Before TILLMAN PEARSON, CARROLL and BARKDULL, JJ.
PER CURIAM.
This appeal involves the correctness of an order entered by the chancellor modifying provisions of a "property settlement agreement", ratified and confirmed by a final decree of divorce.
We find that the agreement in question, which recited that it was a "property settlement agreement", had incorporated therein mutual release of respective rights in the property of each other to be, in fact, a property settlement agreement and, therefore, any attempt to modify the provisions thereof would be subject to the conditions laid down in the following authorities: Vance v. Vance, 143 Fla. 513, 197 So. 128; Miller v. Miller, 149 Fla. 722, 7 So.2d 9; Underwood v. Underwood, Fla. 1953; 64 So.2d 281; Haynes v. Haynes, Fla. 1954, 71 So.2d 491; Cowen v. Cowen, Fla. 1957, 95 So.2d 584. None of the conditions laid down in the above authorities appearing from the record in this cause, the chancellor was without the authorization to interfere with the contract arrived at between the parties.
Counsel for the former wife applied for attorney's fees in the trial court in defending her right under the property settlement agreement, and the chancellor denied any such allegedly on the ground that he was without jurisdiction to award same. In this connection, we find he committed error. See: McNeill v. McNeill, Fla. 1952, 59 So.2d 57; Metz v. Metz, Fla.App. 1959, 108 So.2d 512; Wilner v. Wilner, Fla.App. 1964, 167 So.2d 234. Counsel for the husband has cited the following authorities for the proposition that attorney's fees are not allowable: Gullette v. Ochoa, Fla.App. 1958, 104 So.2d 799; Graves v. Graves, Fla.App. 1959, 115 So.2d 451; Terry v. Terry, Fla. App. 1961, 126 So.2d 890. These cases are all distinguishable from the case at bar in that these were the actions wherein the former wife attempted to increase the amount provided for in the agreement. This is not the case at bar, and the right to fees in this cause should be governed by those authorities which recognize that a former wife is entitled to fees to protect her rights, established by a prior agreement or decree. See: Simpson v. Simpson, Fla. 1953, 63 So.2d 764; Blunda v. Blunda, Fla. 1958, 101 So.2d 41; Teply v. Key, Fla.App. 1963, 158 So.2d 549; Wilner v. Wilner, supra.
Counsel for the appellant has filed a petition in this court for attorney's fees for services rendered in perfecting and prosecuting this appeal. Because of the fact that this cause will be returned to the circuit court with directions to reestablish the appellant's right to receive the full periodic payments contained in the original property settlement agreement, and for a determination of attorney's fees to be awarded her counsel for representation in the trial court, we likewise direct the chancellor to determine [in addition to the trial court fees] such fees as would be allowable for services rendered in this court.
Reversed and remanded with directions.