PER CURIAM.
The former wife appeals a post final decree order which terminated an allowance in the final decree. The property and the financial section of the final decree were based upon an agreement' between the parties. Subsequent to the final decree, the parties amended certain provisions by a further agreement. The former husband filed a petition for modification or construction of the agreement between the parties. The court found for the petitioner and terminated an allowance of $150.00 a month for housing for the former wife, who has remarried, and minor child. The basis for the ruling was a construction of the subsequent agreement so that a provision of the final decree, providing for termination of the payment upon remarriage of the former wife, was carried forward and included in the amendment.
The language of the agreement clearly supports the conclusion of law reached by the chancellor. We therefore affirm the order appealed. See Clark v. Clark, Fla.1955, 79 So.2d 426.
The appellee, former'husband, has cross assigned error upon the allowance of an attorney’s fee to the former wife. It is urged that the proceeding was not one for modification but, was to construe the agreement of the parties. Inasmuch as the husband’s petition sought modification as well as clarification, the wife was entitled to an attorney’s fee to resist the petition to modify the child support provisions of the final decree. We affirm the allowance of the fee upon the authority of Simpson v. Simpson, Fla.1953, 63 So.2d 764, and Teply v. Key, Fla.App.1963, 158 So.2d 549.
Affirmed.