McNULTY, Judge.
The sole question presented on this appeal relates to the denial of attorney’s fees to appellant, who successfully defended against her former husband’s (appellee’s) petition to modify the custody provision of a final judgment of divorce.
Appellee argues that the award of attorney’s fees is discretionary and that this court is in no position to determine if an abuse of that discretion exists in this case because the only record on appeal is the final order of divorce and later order denying the husband’s petition for modification. We are thus squarely faced with the question of whether the successful defense by the wife against a petition to modify, of itself, entitles her to attorney’s fees.
True it is that the statute[1] allowing attorney’s fees for defending against a modification petition[2] provides that “ . the court may allow to the divorced wife ... a reasonable attorney’s fee . . . .” In spite of the above language, the reports are replete with cases reversing the failure to award such fees.[3] Such cases sometimes acknowledge discretion in the awarding of the fees but simultaneously, in reversing, speak of the wife as being “entitled” to such fees.[4]
The pertinent inquiry, then is why the wife was held in those cases to be entitled to attorney’s fees. Was the entitlement due to the mere defense or successful defense of the petition for modification brought by the husband or was it because of some added factor such as a frivolous petition for modification or the relative financial position of the parties? In all fairness to appellee some of the latter reasons can be inferred from some of the cases as a basis for reversing the denial of attorney’s fees. But a reading of all the cases reveals that most seem to deduce, although by no means clearly so, the wife’s entitlement to attorney’s fees merely from her successful enforcement action or from her successful defense of a petition to modify.[5]
At any rate, we have found no case which has affirmed the denial of at *52 torney’s fees to a wife who has successfully resisted a petition for modification whatever the other circumstances of the case,[6] although many cases, as cited above, have reversed such denial. We therefore conclude that when a wife successfully defends a petition to modify a final divorce judgment she is entitled to the attorney’s fees as a matter of statutory right. This is consistent with an underlying rationale of such an award, viz., that a wife should be able to protect her rights under a previous divorce judgment against default or non-meritorious attacks by her husband without having to diminish her own assets.
What we hold above does not negate the discretion implicit in the wording of the statute. When the wife is not successful in her defense against the petition to modify or in her action for enforcement, some cases have still allowed her attorney’s fees.[7] So we construe the discretion involved in the statute as being properly exercised according to the existence vel non of facts other than the mere defense of the divorce decree provisions only in cases of unsuccessful defense or enforcement.[8]
Finally, a word about the relative financial position of the parties as bearing on the award of a reasonable attorney’s fee. Implicit from the facts recited in several of the cases awarding attorney’s fees to the wife, and a necessary conclusion from our holding here, is that such fees are awardable in cases such as that before us even if the wife can herself afford them.[9] So the relative financial status of the parties is unimportant here although the ability of the husband to respond may bear on the amount of attorney’s fees awardable.[10]
Accordingly, the order appealed from, insofar as it denies attorney’s fees to the appellant, is reversed. The case is remanded for the trial judge to award such attorney’s fees as are reasonable in light of the appellee’s ability to respond.
PIERCE, C. J., and LILES, J., concur.

. P.S. § 61.15, F.S.A.1969 (formerly § 65.16, F.S.).

. Although the statute refers to fees for “enforcing” a former judgment, defending against a petition to modify the judgment is considered “enforcing” the judgment. See, Simpson v. Simpson (Fla.1953), 63 So.2d 764; and Selinsky v. Selinsky (Fla.1952) 62 So.2d 24.

. See, e. g., Simpson v. Simpson, n. 2, supra; McNeill v. McNeill (Fla.1952), 59 So.2d 57; Ettinger v. Ettinger (Fla.App. 1971), 242 So.2d 502; and Metz v. Metz (Fla.App.1959), 108 So.2d 512.

. See, e. g., Cordrey v. Cordrey (Fla.App.1968), 206 So.2d 234; Salomon v. Salomon (Fla.App.1966), 186 So.2d 39; and Hood v. Hood (Fla.App.1958), 100 So.2d 422. Cases which affirm the granting of such fees also sometimes speak in terms of entitlement. See, Ash v. Ash (Fla.App.1967), 193 So.2d 677.

. See, e. g., McNeill v. McNeill, n. 3, supra. Ettinger v. Ettinger, n. 3, supra; and cases cited in n. 4, supra.

. However, before there was statutory authority, eases disallowed such award. See, Vinson v. Vinson (1939) 139 Fla. 146, 190 So. 454. Even today there is no statutory authority to award attorney’s fees to the former wife if she seeks modification of the prior judgment, and thus it is error to make such award. See, Harris v. Harris (Fla.App.1962), 138 So.2d 376.

. See, Metz v. Metz (Fla.App.1959), 108 So.2d 512.

. Cf., Gottesman v. Gottesman (Fla.App.1969), 220 So.2d 640 (where the wife was largely unsuccessful on the merits).

. See, Cordrey v. Cordrey, n. 4, supra; and Hood v. Hood, n. 4, supra.

. See, Monyak v. Monyak (Fla.1950), 43 So.2d 903, 904 (“ . . . because of the low earning capacity of the husband the amount of the fee should not exceed $100.00 . . .”).