McNULTY, Judge.
This appeal is brought from an order modifying a judgment of divorce by transferring custody of two minor children from appellant-father to appellee-mother. Appellant raises four points on appeal, three of which concern the merits of the change of custody and one which concerns the propriety of awarding attorneys’ fees and costs to appellee. We affirm as to the custody modification but reverse the award of attorneys’ fees and costs.
Although we recognize the rule that the trial judge has a “broader discretion” in entering the original custody judgment than in deciding a petition to modify,[1] some degree of discretion nonetheless inheres in the trial judge as a finder of fact in the latter proceedings. Viewing the record as a whole, with its conflicting testimony and evidence concerning changes in circumstance and the welfare of the children, we cannot say as a matter of law that the trial judge reversibly abused that discretion - in changing custody from the father to the mother.
The trial judge was in error, however, in granting attorneys’ fees and costs to appellee herein. The cases are clear that such monies are not awardable to the party who attacks an original custody or divorce judgment but only to one who seeks enforcement of such judgment or who defends against a petition for modification thereof.[2]
Accordingly, we affirm that part of the judgment appealed from relating to custody, and reverse that part awarding attorneys’ fees and costs.
Affirmed in part, reversed in part.
MANN, J., concurs.
LILES, Acting C. J., dissents.

. See, Belford v. Belford (1947), 159 Fla.547, 32 So.2d 312, and Wilson v. Condra (Fla.App.1971), 255 So.2d 702.

. See, e. g., Simpson v. Simpson (Fla.1953), 63 So.2d 764; Fleming v. Fleming (Fla.App.1965), 177 So.2d 384; and Harris v. Harris (Fla.App.1962), 138 So.2d 376. For a more complete discussion of when parties in a modification proceeding are entitled to attorneys’ fees and when they are not, see, Colbath v. Colbath (Fla.App.1972), 258 So.2d 50.