268 So.2d 361 (1972)
Walter N. COLBATH, Jr., Petitioner,
v.
Carol Ann COLBATH, Respondent.
No. 42167.
Supreme Court of Florida.
October 18, 1972.
Thomas A. Bratten, of Campbell, Colbath, Kapner & Bratten, West Palm Beach, for petitioner.
Frank E. Booker, of Ryan, Taylor, Booker & Law, North Palm Beach, for respondent.
ADKINS, Justice.
By petition for certiorari, we have for review a decision of the District Court of Appeal, Second District (Colbath v. Colbath, 258 So.2d 50), which allegedly conflicts with a prior decision of this Court (Markland v. Markland, 155 Fla. 629, 21 So.2d 145), as well as prior decisions of the District Court of Appeal, Third District (Mays v. Mays, 203 So.2d 674; Witlin v. Witlin, 206 So.2d 275), on the same point of law. Fla. Const. art. V, § 4, F.S.A.
Respondent wife sought review in the District Court of the denial of her attorneys' *362 fees in an unsuccessful action by petitioner husband to modify a custody provision in a final judgment of divorce. The District Court reversed the trial court's denial, finding the wife was entitled to attorneys' fees for successfully defending the action "as a matter of statutory right."
The authority for granting attorneys' fees in a proceeding subsequent to the final judgment of divorce was found, at the time of the action, in Fla. Stat. § 61.15(1), F.S.A. (1969):
"When an action is brought for the purpose of enforcing a judgment or order for the payment of alimony or support for children, the court may allow to the divorced wife such sums of suit money, including a reasonable attorney's fee, as from the circumstances of the parties and the nature of the case are equitable." (Emphasis supplied)
The District Court, in its opinion, cited numerous cases upholding attorneys' fees in such cases, and several cases reversing a lower court's denial of attorneys' fees. One case cited by the District Court ruled that, considering the circumstances of the case, the successfully defending wife was "entitled" to attorneys' fees. Ash v. Ash, 193 So.2d 677 (Fla.App.3d, 1967). The District Court, in the case sub judice, reasoned that the almost automatic allowance of attorneys' fees had created a statutory right to attorneys' fees where a divorced wife successfully defends an attempt to modify a final divorce decree.
This is not the effect of the plain meaning of the statute. The statute expressly provides for discretion in the trial court in the interest of equity, and the fact that the trial courts generally, or even uniformly, allow for attorneys' fees or face reversal from the District Courts for abuse of discretion does not negate that discretion.
This Court, in Markland v. Markland, 155 Fla. 629, 21 So.2d 145 (1945), held that:
"The principle has been announced that two elements must exist in order to justify a decree against the husband for items of this sort [costs and attorneys' fees]: necessity of the wife, and the ability of the husband to pay... . The matters of awarding suit money and assessing costs are discretionary, and we find no abuse on the part of the chancellor; therefore, his failure to grant this relief will not be disturbed." (p. 147)
This position has never been retreated from and two recent cases have restated it. Mays v. Mays, 203 So.2d 674 (Fla.App.3d, 1967), and Witlin v. Witlin, 206 So.2d 275 (Fla.App.3d, 1968). We have jurisdiction.
While the courts have zealously refrained from utilizing the discretion granted by the Legislature in Fla. Stat. § 61.15, F.S.A. (1969), it is not the role of the judiciary to summarily override the clear meaning of the Legislature and to abolish that discretion entirely.
The record before this Court is insufficient to consider whether or not the trial judge in this case has abused his discretion in denying attorneys' fees. It is not the role of this Court to so consider. That is the role of the District Court of Appeal.
Accordingly, the decision of the District Court petitioned from, insofar as it would grant attorneys' fees to the successfully defending wife, is quashed. The case is remanded for the District Court to consider whether or not the trial judge abused his discretion in this case.
It is so ordered.
ERVIN, Acting C.J., CARLTON and BOYD, JJ., and DREW, J., (Retired), concur.