77 So.2d 867 (1955)
Rosamond Cochrane ANDERSON and Andrew Anderson, III, Appellants,
v.
John C. DIMICK, a minor, by his next friend, Clarissa Anderson Gibbs, and Clarissa Anderson Gibbs, Individually, Appellees.
Supreme Court of Florida. Division A.
February 11, 1955.
*868 Stockton, Ulmer & Murchison, Jacksonville, and Paul, Weiss, Rifkind, Wharton & Garrison, Washington, D.C., for appellants.
Daniel & Poucher and Walter G. Arnold, Jacksonville, for appellees.
MATHEWS, Chief Justice.
In this case Andrew Anderson, deceased, left surviving him two children, Clarissa Anderson now Clarissa Anderson Gibbs, and Andrew Anderson, Jr. His will contained the following:
"* * * the net income in equal parts, one to my son Andrew, if living, or if dead, to his issue, per stirpes, and the other to my daughter Clarissa, if living, or if dead, to her issue, per stirpes, until the time arrives for the complete distribution of my estate, as hereinafter directed; and if at the time of any quarterly payment before the final distribution of my estate either of my said children shall be dead without leaving lawful issue then surviving, then the portion of said net income directed to be paid to said child, or its issue, shall be paid over to my other child then living."
The will then provided that upon the death of the survivor of his two children, the principal should be disposed of as follows:
"* * * One undivided half part thereof shall be paid over, conveyed and delivered to the then living issue, per stirpes, of each one of my said children then dead leaving issue then living, and in case only one of my children shall have left issue then living, then the whole of my said residuary estate shall be distributed, paid over and conveyed to the issue of such one, to be divided among such issue equally, per stirpes, share and share alike."
In the event there should be no issue of either child at the termination of the trust, the principal was to be paid to five main charitable institutions.
The son had two natural children, Rosamond Cochrane Anderson and Andrew Anderson, III. The daughter had no natural children but had an adopted son by the name of John Dimick about 17 years of age.
In the original suit all parties were named and served and were before the Court.
From the pleadings as disclosed by the record, it appears that the will created a trust with the income therefrom payable to testator's two children for life with a contingent remainder per stirpes to the issue of such children living at the time of the death of the survivor thereof. The question presented is are the natural children of one of the life tenants entitled to a determination prior to the death of the life tenants as to who now living, if they survive, shall be entitled to distribution of the corpus of the trust, where such determination is not required or needed for the present administration of the trust?
It is perfectly clear that the remainders are contingent and are not vested. *869 Arnold v. Wells, 100 Fla. 1470, 131 So. 400; Krissoff v. First National Bank of Tampa, 159 Fla. 522, 32 So.2d 315.
In the case at bar both children of the testator are still alive. Until the death of the children of the testator will survive. the children of the testator, it cannot be determined which, if any, of the issue of Survival until after the death of the children of the testator is contingent of the gift. The gift of the remainders to the appellants is therefore contingent.
The trial Court found that the remainders created by the will of Andrew Anderson are contingent remainders and that Rosamond Cochrane Anderson and Andrew Anderson, III, are prospective remaindermen and their interest in said remainders will vest provided that they survive the life tenants who are now asking the Court to determine while both life tenants are still living, whether John C. Dimick is also a prospective remainderman under the paragraph in question as "issue" of his adopted mother, Clarissa Anderson Gibbs. The Court said:
"* * * The Court finds that declaratory relief should not be granted with respect to rights which may or may not arise in the future, dependent on events which are contingent, remote and uncertain."
See 16 Am.Jur., Declaratory Judgments, Sec. 18.5 of Cum.Supp., p. 36; May v. Holley, Fla., 59 So.2d 636.
The case of Bryant v. Gray, Fla., 70 So.2d 581, appears to be conclusive on this question. In that case declaratory relief was denied because a hypothetical question was presented. In that case Bryant alleged that he was eligible to become a candidate for Governor and was prepared to comply with Chapter 99 of the Florida Statutes, F.S.A., relating to qualifications of candidates for nomination and election to the office. The suit asked for an answer to the question as to whether if Bryant ran for Governor in 1954 and should be elected for a two-year term and if he ran and should be elected in 1956 for a four-year term, could he serve the four-year term? In the case at bar an answer is sought to the question of whether or not if one of the contingent remainders survives the life tenant and if John Dimick survives the life tenant and then claims an interest as a remainderman, would John Dimick be a remainderman under the will? The question relates to events which have not occurred and conditions which are uncertain, objectionable and remote. The Chancellor refused to answer such a question.
Affirmed.
TERRELL, SEBRING and ROBERTS, JJ., concur.