PER CURIAM.
This is an appeal from a decree in an action brought by testamentary trustees pursuant to chapter 737, Fla.Stat., F.S.A. This chapter is entitled the “Trust Accounting Law”, and authorizes a petition in the circuit court by a trustee to establish its qualification as trustee and to submit the administration of the trust to the supervision of the court. It is further provided that upon qualification of the trustee and giving of bond as required, the court shall enter a decree declaring the trustee qualified to act and that the decree may also contain any other appropriate provisions concerning the administration of the trust.[1]
Pursuant to the petition of the trustees the trial judge, by his decree, determined the interest in the trust of an adopted child of the deceased. Argument was set by this court upon its own motion to determine the question of the jurisdiction of the circuit court to declare the interest of an adopted child in a testamentary trust when the rights of the prospective beneficiaries of the trust had not vested.
The trustees in their petition sought instructions as to whether an adopted child of the decedent came within the term, “child” as used in the will so as to be a beneficiary of the trust created in the will. Simply stated, the testamentary trust provides that the net income derived from the trust property be paid at regular intervals to the wife during her lifetime, and that upon the wife’s death or upon the testator’s oldest surviving child attaining the age of 30 years, whichever shall last occur, the trust shall be distributed and divided equally among the children of the testator then living, and a child’s share to the living issue of any deceased child, otherwise the share would be paid over to the other surviving children, or their issue if the child is deceased. Thus it can be seen that several events could occur, any one of which would render useless any determination by the court as to whether the adopted child was intended to be included in the term “children of mine then living”. For example, the adopted child could predecease the wife without leaving issue. Another possibility is that the adopted child, dying before the wife’s death, could leave issue, who in turn, could predecease the wife. The circuit court was asked to make a decision or declaration on legal consequences which flow from an event which may never take place.
Bogert in his treatise on Trust and Trustees, at § 559, p. 98, sets forth the principle:
“The courts refuse to give instructions concerning problems which may never arise, or difficulties which may face the trustees at some future time, since the court does not wish to commit itself until there is a real need for action.”
Our Supreme Court in the case of Anderson v. Dimick, Fla.1955, 77 So.2d 867, stated that where a remainder is limited to such issue of the last surviving life tenant that has survived, to that date, the court will not give a declaratory decree as to whether an adopted child would be “issue”, since the events calling for that decision may never happen. In this case it is clear that the remainders are contingent and not vested. Therefore the court was without jurisdiction to enter a declaratory decree determining the hypothetical question.
*578 It remains then necessary to examine the statute under which the court proceeded to determine if the terms of the statute remove this proceeding from the operation of the rule set forth. We hold that it does not, especially in view of § 737.17, Fla.Stat., F.S.A., which contains the provision that the proceeding is “for the purpose of granting any declaratory or other relief authorized by chapter 87.” The last mentioned chapter is the legislative authorization for declaratory decrees, judgments and orders. It is therefore apparent that the decrees to be entered under § 737.10, Fla.Stat., F.S.A., are limited by the provisions of the law limiting declaratory decrees and that the rule set forth in Anderson v. Dimick, supra, is applicable to such proceedings.
The Final Decree determining the interest of Carolyn Zimmerman Geistman is vacated and set aside, since the entry of such decree was beyond the court’s jurisdiction.
HORTON, C. J., PEARSON, J., and PARKS, L. L., Associate Judge, concur.

. Section 737.10, Fla.Stat., F.S.A.