PEARSON, TILLMAN, Chief Judge.
This is an appeal from an order granting a petition for modification of a-divorce decree.[1] The petition for modification by the mother sought increased support for the child of the parties. The order appealed (a) increased the weekly payments from $20.00 to $50.00; (b) made provision for future consideration of a petition by the wife for the college education of the child at the expense of the husband when the child reaches college age; and (c) *377 awarded petitioner’s counsel $500.00 as attorney’s fee. Appellant urges error upon each provision as follows: (a) There is not sufficient evidence to substantiate the increase of support to $50.00 per week; (b) there is no basis in the law for an order requiring a father to furnish his child a college education; and (c) the former husband is not chargeable with a former wife’s attorney’s fee in a proceeding to increase child support.
The question presented under “(a)” above requires a review of the record to determine whether it contains proof of a change of conditions from those existing at the time of the final decree. Kennard v. Kennard, 131 Fla. 473, 179 So. 660. Without going into an extended discussion of the situation revealed by the record, we hold that upon a consideration of the testimony concerning improved economic position of the father and greater needs of the child, there is a basis in the record for the increase of the support.
The decree of divorce was entered in 1949, and the order on the petition for modification was entered in 1961. The petitioner contended that the needs of the daughter at age 13 are greater than they were at the time of the divorce when she was an infant. It is true that the estimates submitted by the petitioner contain several nonessential or nonperiodic expenditures; but were these items considered under a heading of “incidentals”, the amount allowed would not be disproportionate to an amount ordinarily allowable for nonessential and nonrecurring expenses.
Taken in the light most favorable to the ■decree, the record reveals the father’s adjusted gross income to be $38,000.00 and that he has substantial capital assets. The amount of allowance for child support is a matter which is peculiarly subject to the exercise of the chancellor’s discretion. Lindley v. Lindley, Fla.1955, 84 So.2d 17; Rogoff v. Rogoff, Fla.App.1959, 115 So.2d 456.
The appellant urges that the furnishing of a college education by a parent to a child is laudatory, but not a legal obligation. This position may be sound but the question is not presented by this appeal. It is sufficient to point out that a chancellor may not make a declaratory decree as to facts which may or may not occur in the future. Anderson v. Dimick, Fla.1955, 77 So.2d 867; Geistman v. Zimmerman Trusts, Fla.App.1961, 126 So.2d 576.
As to the attorney’s fee, the applicable statute (§ 65.16, Fla.Stat, F.S.A.) does not provide for the allowance. Attorney’s fees are usually allowed only where it is provided for by agreement, statute or established law. Larson v. Warren, Fla.1961, 132 So.2d 177, 183. The appellee suggests, however, that the allowance may be approved because the father’s answer to the mother’s petition contained the following paragraph:
“Your defendant further alleges that the child, Sinda Mae Harris, is living with the parents of the plaintiff, and the plaintiff is not giving to the child Sinda Mae Harris, the proper care to which a minor child is entitled. Your defendant will show unto the Court that he has remarried and is better able now to care for said minor child than the plaintiff and would request now that the Court consider awarding custody of said minor child to this defendant, with the right of reasonable visitation to the plaintiff. This defendant will ask the Court to determine that, if it believes that the best interest of the child would be served by living with this defendant, that the Court now award custody of said child to this defendant.”
The record does not support the suggestion that the proposal for a change in custody was litigated or that the appellee prepared to litigate this issue by discovery or otherwise. An attorney’s fee is not allowable for the prosecution of a petition to change the child support provisions of a divorce decree. Gullette v. Ochoa, Fla.App.1958, 104 So.2d 799.
*378 The order appealed is affirmed as to paragraph numbered “1”, which grants to Rosalyn Harris the sum of $50.00 per week for support and maintenance of the minor child, Sinda Mae Harris. Further, the order is affirmed as to paragraph numbered “3”, which denies all other requests raised by the petition and the reply. The order appealed is reversed as to paragraph numbered “2”, which allows the attorney’s fee, and is also reversed as to that portion of paragraph numbered “4” which makes provision as to the future college education of the minor.
Affirmed in part and reversed in part.

. Section 65.15, Fla.Stat., F.S.A.