McNULTY, Judge.
Keith Witcombe appeals from an order awarding attorneys’ fees to his former wife in a post-divorce action concerning custody and child support. We reverse.
The parties were granted a divorce in 1963 at which time appellee Marlene Wit-combe was given custody of the minor children and awarded child support. In 1968, pursuant to a court-approved stipulation, custody of the children was ordered transferred to appellant. The proceedings for which the questioned attorneys’ fees were awarded, and with which we are here concerned, commenced early in 1971 when appellant filed a petition seeking either a transfer of custody back to appellee-mother or, in the alternative, that appellee be restrained from interfering with his custody. Appellee’s answer to the petition did not take issue with appellant’s request to change custody. In fact, her answer in effect joined in such request. She did, however, take issue with the amount of support payments offered by appellant. Accordingly, the hearings which followed were concerned only with the amount of support payments to be awarded, and the propriety of changing custody back to appellee was not contested.
 Generally, it is well settled that a wife who seeks to enforce a prior custody or support order or who seeks to defend against modification thereof may properly be awarded attorneys’ fees.[1] Moreover, it is true that an award of attorneys’ fees to the wife has been upheld in cases where, while she sought to modify a portion of a previous order, she was at the same time defending against modification of other portions of such order sought by her husband.[2] But this case differs in that the wife is not defending against modification of any portion of a prior custody or support order. Indeed, as noted, she has joined in the petition for modification; and for her part, she seeks “modification” in the form of an increase in the amount of child support payments given her when she last had custody of the children. This case is more akin to Harris v. Harris [3] in which the husband’s counterclaim, asking that the custody of the child be transferred to him, was considered not to have given rise to a “defense” by the wife for suit money purposes because the issue was not litigated. In that case, the modification *886 sought by the husband was not litigated because his counterclaim was not pressed. Here the modification sought was not litigated because both parties agreed to it. The wife was not required to defend or enforce the prior order in either case, and thus in neither case is attorneys’ fees awardable.
We parenthetically recognize here that the recently enacted § 61.16, F.S.A., would apparently permit allowance of attorneys’ fees in a case such as this. However, by its terms, that statute applies only to “. . . proceedings commenced after July 1, 1971 for the modification of a judgment or order entered prior to July 1, 1971.” We note that the trial judge and parties in this case correctly assumed that this new statute does not apply under the chronology herein.
Reversed.
PIERCE, C. J., and MANN, J., concur.

. See, e. g., Simpson v. Simpson (Fla. 1953), 63 So.2d 764. But, see the last paragraph of this opinion commenting on § 61.16, F.S., 1971, F.S.A., effective after the times material herein.

. See, Thompson v. Thompson (Fla.App. 1969), 223 So.2d 95; and Wilner v. Wilner (Fla.App.1964), 167 So.2d 234.

. (Fla.App.1962), 138 So.2d 376.