HOBSON, Acting Chief Judge.
Appellants bring this appeal to review a final judgment dismissing without stating grounds therefor their second amended complaint, hereinafter referred to as complaint, seeking a declaratory judgment. The grounds asserted in appellee’s motion to dismiss were three-fold, the main one being that all antagonistic and adverse interests were not alleged to be before the court. The other two grounds for dismissal have been reviewed and we find sufficient allegations in the complaint to overcome those grounds. Therefore, we must assume *713 that the trial court dismissed the complaint on appellee’s first ground.
Appellants are some of the land owners and beneficiaries under a certain trust agreement entered into on April 30,1963, as amended on February 16,1968. Appellee is the trustee of the trust.
Appellee maintains that appellants must bring all of the antagonistic and adverse interests before the court and that since all of the beneficiaries of the trust are not before the court the complaint was properly dismissed. Appellee relies heavily on May v. Holley, Fla.1952, 59 So.2d 636. Appellee is correct in its interpretation of May, supra. However, it has overlooked § 86.041, Fla.Stat.1975, which states:
“Any person interested as or through [a] . trustee ... in the administration of a trust, . . . may have a declaration of rights or equitable or legal relations in respect thereto:
“. . . To direct the trustee to refrain from doing any particular act in his fiduciary capacity; .
“. . . To determine any question arising in the administration of the . trust, . . . .”
This statute is specific that any person, such as the appellants herein, may bring a suit for declaratory judgment to have his rights declared under the trust and to direct the trustee to refrain from doing any particular act in his fiduciary capacity. The trustee is presumed to protect the rights of all of the beneficiaries of a trust and, therefore, we hold that all antagonistic and adverse interests were before the court through the trustee.
In May v. Holley the complaint sought a declaratory judgment under F.S.A. §§ 87.01 and 87.02, now §§ 86.011 and 86.021, Fla. Stat.1975, which statutes granted the circuit courts jurisdiction to declare rights, status and other equitable or legal issues and did not involve the rights of any person interested through a trustee under § 86.041, Fla.Stat.1975, formerly F.S.A. § 87.04.
The complaint alleged that appellee was the trustee under the 1963 trust and that the appellants are owners of property which is subject to the trust. It is further alleged that prior to May 12, 1973 the trustee had assessed unimproved lots at $40 per lot per year and that on said date the assessment was raised to $120 per lot per year. It is also alleged that the amended trust agreement provides that the trustee shall apportion expenses necessary to fulfill the purpose of the trust by levying and collecting on each lot a charge not to exceed $120 per lot per year. It further alleges that the amended trust agreement states that:
“Owners of lots designated as unimproved, and their employees, heirs, assigns, grantees, or designees of any kind, may not use, for any reason, the public facilities maintained by the Trustee, other than the streets leading by the shortest route to their lots, it being understood and agreed that a lesser charge is levied and collected on unimproved lots because the owners of such lots do not need and will not use the aforesaid public facilities.”
It also alleges that all lots, whether improved or unimproved, were assessed at $120 per lot per year and that appellants are in doubt as to the trustee’s right under the trust and the amendment thereto to assess all lots at $120. Copies of both the original trust agreement of April 30, 1963 and the amendment thereto of February 16, 1968 are attached to the complaint. The appellants request the trial court to construe the trust and determine the rights of the parties thereto.
We hold that the complaint is sufficient and states a cause for relief under the declaratory judgment statute.
The complaint contains a second count which re-alleges all the above allegations, plus additional ones which in effect state that it is unjust and unlawful under the terms of the trust to assess the unimproved lots the same as the improved lots in that the owners of the unimproved lots are prohibited from the use of the public facilities maintained by the trustee other than the use of the streets leading by the shortest *714 route to their lots. In this count the appellants ask the court to restrain the trustee from imposing the new assessment on the unimproved lots.
Section 86.011, Fla.Stat.1975, provides: “. . . Any person seeking a declaratory judgment may also demand additional, alternative, coercive, subsequent or supplemental relief in the same action.”
Although the complaint could have been couched in one count instead of two, we find no error.
For the foregoing reasons the final judgment dismissing appellants’ second amended complaint is REVERSED and the cause REMANDED.
STOKES, ROBERT G., Associate Judge, concurs.
SCHEB, J., concurs in part and dissents in part.