483 So.2d 61 (1986)
Alfred duPont DENT, Appellant,
v.
J.C. BELIN, T.S. Coldewey, W.L. Thornton, William B. Mills, and NCNB National Bank, As Trustees of the Alfred I. duPONT Testamentary Trust, and Jim Smith, As Attorney General of the State of Florida, Appellees.
No. BE-445.
District Court of Appeal of Florida, First District.
January 30, 1986.
*62 M.S. Atwater, Jr., of Atwater & Fagan, Jacksonville, for appellant.
Fred H. Kent, Jr., of Kent, Watts & Durden, Jacksonville, for appellees.
Walter M. Meginniss, Asst. Atty. Gen., Tallahassee, for unnamed beneficiaries of trust.
McCORD, GUYTE P. Jr. (Ret.), Associate Judge.
Alfred duPont Dent appeals from an order dismissing his petition for declaratory judgment with prejudice. We reverse.
Dent, one of six trustees of the Alfred I. duPont testamentary trust established in 1935, sought from the other trustees an increase in compensation set by the will at $5,000 per year. When this proposal was defeated, Dent filed a petition for declaratory judgment seeking a declaration of his right, as a single trustee, to apply to the circuit court for the deviation he desired.
The remaining trustees responded with a motion to dismiss the petition, alleging that the trial court had no jurisdiction under the declaratory judgment statutes to consider Dent's petition and, on the merits of the inquiry, that he alone could not seek deviation from the trust. The trial court, without explanation, dismissed the petition with prejudice.
The test of the sufficiency of a complaint in a declaratory judgment proceeding is not whether the complaint shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theory and contention, but whether he is entitled to a declaration of rights at all. Durand v. Metropolitan Dade County, 472 So.2d 865 (Fla.3d DCA 1985). See also Bartholf v. Bartholf, 108 So.2d 905 (Fla. 1st DCA 1959) (the fact that a declaration may or must be against the complainant does not destroy the right to apply for declaratory judgment). Therefore, appellees' arguments below as to the merits of Dent's inquiry were misplaced and the proper issue was his entitlement to a declaration of rights.
The declaratory judgment act is to be liberally administered and construed. Section 86.101, Florida Statutes (1983). Section 86.041 provides that any person interested as a trustee in the administration of a trust may have a declaration of rights to determine any question arising in the administration of the trust (emphasis supplied). The petition itself must show a bona fide, actual, present, practical need for the declaration, deal with a present state of facts, show that a right of the complainant depends on the facts, involve a person with an actual, present, adverse and antagonistic interest in the subject matter, place the adverse interest before the court and seek more than advice or the satisfaction of curiosity. 19 Fla.Jur.2d Declaratory Judgments Section 9 (1980); May v. Holley, 59 So.2d 636, 639 (Fla. 1952). The circumstances of this case demonstrate fulfillment of these criteria.
The order granting the motion to dismiss the petition with prejudice is therefore reversed *63 and the case remanded for consideration of the petition on its merits.
ERVIN and WIGGINTON, JJ., concur.