WALDEN, Judge,
concurring in part and dissenting in part.
I concur with the majority opinion as concerns the final judgment with the following exception.
The final judgment provided in material part:
ADJUDGED that upon the death of Helen M. Adelsperger the assets described in paragraph A4 of the HELEN M. ADELSPERGER TRUST are to be added to that portion of the “Family Trust” which is know [sic] as the “second such part or the balance of the corpus” which is described in paragraph B2 and be distributed to the Defendant grandchildren pursuant to that provision ...
It is to be noted that there is no bona fide, actual, present practical need for a declaration as to what will happen upon the death of Helen M. Adelsperger. Ms. Adel-sperger is alive. She may outlive the grandchildren. The principal of the trust may be depleted prior to her death, and so on. May v. Holley, 59 So.2d 636, 639 (Fla.1952) sets out the test prerequisite to a proceeding for declaratory relief, as follows:
Before any proceeding for declaratory relief should be entertained it should be clearly made to appear that there is a bona fide, actual, present practical need for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interest are all before the court by proper process or class representation and that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity. These elements are necessary in order to maintain the status of the proceeding as being judicial in nature and therefore within the constitutional powers of the courts.
In Geistman v. Trusts Under Will of Zimmerman, 126 So.2d 576 (Fla. 3rd DCA 1961) the court addressed the jurisdiction of the circuit court to declare the interest of an adopted child in a testamentary trust when the rights of the prospective beneficiaries of the trust had not vested. The trustees requested instructions as to whether an adopted child of the decedent *445 came within the term “child” as used in the will and thereby became a beneficiary of the trust created in the will. The court found that based on the terms of the trust, “several events could occur, any one of which would render useless any determination by the court as to whether the adopted child was intended to be included in the term ‘children of mine then living’.” Id. at 577. In the opinion the court stated:
Bogert in his treatise on Trust and trustees, at § 559, p. 98, sets forth the principle:
The courts refuse to give instructions concerning problems which may never arise, or difficulties which may face the trustees at some future time, since the court does not wish to commit itself until there is a real need for action.
Our Supreme Court in the case of Anderson v. Dimick, Fla.1955, 77 So.2d 867, stated that where a remainder is limited to such issue of the last surviving life tenant that has survived to that date, the court will not give a declaratory decree as to whether an adopted child would be “issue”, since the events calling for that decision may never happen. In this case it is clear that the remainders are contingent and not vested. Therefore the court was without jurisdiction to enter a declaratory decree determining the hypothetical question.
Id. at 577. More recently in Dent v. Belin, 483 So.2d 61 (Fla. 1st DCA 1986), Dent petitioned for declaratory judgment seeking a declaration of his right as a trustee to apply for a deviation in the trust to allow for an increase in compensation set by the will. The other trustees moved to dismiss the petition alleging that the trial court was without jurisdiction under the declaratory judgment statutes to consider the petition and the trial court granted the motion to dismiss. On appeal the court held that the test of sufficiency of a complaint for a declaratory judgment is whether the plaintiff is entitled to a declaration of rights. The court held as follows:
The declaratory judgment act is to be liberally administered and construed. Section 86.101, Florida Statutes, (1983). Section 86.041 provides that any person interested as a trustee in the administration of a trust may have a declaration of rights to determine any question arising in the administration of the trust (emphasis supplied). The petition itself must show a bona fide, actual, present, practical need for the declaration, deal with a present state of facts, show that a right of the complainant depends on the facts, involve a person with an actual, present, adverse and antagonistic interest in the subject matter, place the adverse interest before the court and seek more than advice or the satisfaction of curiosity. 19 Fla.Jur.2d Declaratory judgments Section 9 (1980); May v. Holley, 59 So.2d 636, 639 (Fla.1952). The circumstances of this case demonstrate fulfillment of these criteria.
The court reversed the dismissal in Dent finding that the circumstances were appropriate under the foregoing criteria to warrant a declaratory judgment.
Based on Zimmerman and Dent and the language of section 86.041(3),[1] Fla.Stat. (Supp.1988) the plaintiffs request for a declaratory decree did not meet the criteria of an actual, present, antagonistic interest under the present state of the facts and therefore the trial court should have declined to construe the terms of the trust as alleged in Count II of the First Amended Complaint.

. Section 86.041(3):
Any person interested as or through an executor, administrator, trustee, guardian, or other fiduciary, creditor, devisee, legatee, heir, next of kin or cestui que trust, in the administration of a trust, a guardianship, or of the estate of a decedent, an infant, a mental incompetent, or insolvent may have a declaration of rights or equitable or legal relations in respect thereto:
[[Image here]]
(3) to determine any question arising in the administration of the guardianship, estate, or trust, including questions of construction of wills and other writings.