POLEN, J.
 

 Appellant, Cheryl Wells, appeals the trial court’s final judgment entered after it dismissed her third amended complaint with prejudice. This court has jurisdiction. Fla. R.App. P. 9.030(b)(1)(A).
 

 In the underlying action, Cheryl filed a complaint against Appellees, Cia M. Wells (Cheryl’s sister), Alan Belauskas, Steve Fishman, Morgan Stanley, Eugene Michael Kennedy, P.A., Eugene Michael Kennedy, John Knox Village of Florida, Inc., Bogutz & Gordon, P.C., Brian C. Bjorn-dahl, Kevin Kinghorn, Esq., and Lynne Tomasa
 
 [1]
 
 , alleging breach of fiduciary duty and other claims for their involvement in the mishandling of the Wells Family Irrevocable Trust and seeking an injunction, an accounting of the trust assets, money damages, and other relief. Cheryl has appeared pro se in all proceedings to date.
 

 Cheryl summarized the defendants’ alleged involvement in the mismanagement of the Trust as follows:
 

 • Cia M. Wells is the daughter, co-attorney, and co-trustee of Elaine Wells.
 

 
 *581
 
 • Alan Belauskas is the husband of Cia Wells.
 

 • Steve Fishman is an investment advis- or and broker at Morgan Stanley who has been involved in the actions of Cia Wells and the Wells family.
 

 • Morgan Stanley is a large investment house that currently controls most of the assets of the Wells Family Trust.
 

 • Eugene Michael Kennedy, P.A., is the corporate parent of Eugene Michael Kennedy, Esq., a licensed Florida attorney.
 

 • John Knox Village of Florida, Inc., is the location where Elaine Wells resided for over a decade before she was removed from Florida by Cia Wells.
 

 • Kevin Kinghorn is an attorney appointed by the State of Arizona to represent Elaine Wells.
 

 • Lynne Tomasa is an investigator appointed by the State of Arizona to investigate for the guardianship proceedings involving Elaine Wells.
 

 Bjorndahl is an attorney at Bogutz & Gordon, P.C., an Arizona law firm allegedly hired by Cia Wells to bring a frivolous lawsuit in Arizona and to hide Trust property.
 

 On August 20, 2002, Cheryl and Cia Wells’ parents, Elaine and Carroll Wells, established the Wells Family Irrevocable Trust (the Trust). According to the terms of the Trust, Elaine Wells and Cia Wells were appointed as the original Co-Trustees, and in the event that Elaine Wells ceased to act as Trustee, Cheryl Wells was to be appointed as successor Co-Trustee. On October 6, 2005, Elaine Wells and Cia Wells established the Amended Wells Family Irrevocable Trust Agreement (the Amended Agreement), under which Cia Wells was appointed sole Trustee. The Amended Agreement also provided that upon the death of Elaine Wells, Cheryl Wells is to be appointed Co-Trustee. On October 6, 2005, Elaine Wells revoked a prior Durable Power of Attorney which had named Cheryl Wells as her attorney and executed a new Durable Power of Attorney appointing Cia Wells as her attorney to manage her affairs.
 

 Cheryl’s first complaint pled counts for declaratory judgment, breach of fiduciary duty, conversion, and wrongful interference with testamentary/trust expectancy. Carroll Wells died in 2005, and Elaine Wells’ mental and physical health had deteriorated. Cheryl alleged that Cia and defendant Kennedy knew that Elaine Wells had Alzheimer’s and yet influenced Elaine Wells to remove Cheryl as co-trustee and to revoke Cheryl’s Durable Power of Attorney. In so doing, Cheryl alleged, Cia and Kennedy breached their fiduciary duty.
 

 The complaint alleged that in 2006 while Cheryl was out of town, Cia surrendered Elaine’s home at John Knox and moved all of Elaine’s belongings to an assisted living facility in Arizona, Cia’s home state. Since moving Elaine to Arizona, Cheryl alleged Cia had sought to secretly control the Trust finances, was disbursing Trust funds to herself, and was “generally seeking to convert and appropriate the trust’s assets to the sole use and possession of Cia and her husband [defendant] Belauskas.” The other named defendants allegedly aided and abetted Cia in her scheme to control and misuse the Trust assets.
 

 Based on the foregoing allegations, Cheryl sought a declaratory judgment holding: (1) the Wells Trust was created, remains in existence, and has assets of approximately $1 million; (2) Elaine Wells ceased to act and perform duties as trustee on or about October 2005; (3) pursuant to Article XI of the trust, Cheryl automatically succeeded as co-trustee upon Elaine’s ceasing to act as co-trustee; the provisions of the Wells
 
 *582
 
 Trust could not be modified or revoked by Elaine Wells, Cia Wells, or Kennedy. Cheryl also sought an accounting of all funds received and/or administered by the defendants since 2002 and the return to Florida of all funds removed from Florida by Cia in 2005. Cheryl’s complaint sought money damages from Cia, Kennedy, and John Knox Village and an injunction against all other named defendants. Finally, Cheryl sought an emergency injunction freezing all Trust assets.
 

 Each of the named defendants filed a motion to dismiss arguing that the complaint was too vague to be answered and failed to state a cause of action. Cheryl filed three amended complaints, and after the filing of each one, the defendants moved to dismiss arguing the complaint was too vague and failed to state a cause of action. The trial court held an evidentiary hearing on the second amended complaint, and dismissed the complaint without prejudice directing Cheryl to file a third amended complaint.
 

 Cheryl’s third amended complaint pled the following causes of action: declaratory judgment (Count 1), breach of fiduciary duty (Count 2), conversion (Count 8), wrongful interference with testamentary/trust expectancy (Count 4), civil conspiracy (Count 5), interference with jurisdiction (Count 6), civil remedy for criminal practices (Count 7).
 

 Following the third amended complaint and defendants’ subsequent motions to dismiss, the trial court held a hearing and entered an order dismissing Cheryl’s complaint with prejudice. There is no transcript of this hearing. In its written order, the trial court found that Cheryl had no standing to bring the claims she filed against defendants, that she failed to state a cause of action, and that further leave to amend would be futile because it was obvious the complaint could not be amended to state a cause of action. The trial court also determined it had no personal jurisdiction over the Arizona defendants, Kevin Kinghorn, Lynne Tomasa, Bogutz & Gordon, P.C., and Brian Bjorndahl, because these defendants had no minimum contacts with the State of Florida. Cheryl now timely appeals. We hold that Cheryl has standing to bring an action for declaratory judgment, that she sufficiently pled that cause of action as against Cia Wells, and reverse for further proceedings. As to all named defendants other than Cia Wells, we affirm the trial court’s dismissal of Cheryl’s action.
 

 “A motion to dismiss for failure to state a cause of action admits all well pleaded facts as true, as well as reasonable inferences that may arise from those facts.”
 
 Palumbo v. Moore,
 
 777 So.2d 1177, 1178 (Fla. 5th DCA 2001). A dismissal for failure to state a cause of action is reviewed
 
 de novo. Charles v. Fla. Foreclosure Placement Ctr., LLC,
 
 988 So.2d 1157, 1158-59 (Fla. 3d DCA 2008).
 

 Section 86.041, Florida Statutes (2007) provides, in part:
 

 Any person interested as or through an executor, administrator, trustee, guardian, or other fiduciary, creditor, devisee, legatee, heir, next of kin, or cestui que trust, in the administration of a trust, a guardianship, or of the estate of a decedent, an infant, a mental incompetent, or insolvent may have a declaration of rights or equitable or legal relations in respect thereto:
 

 (1) To ascertain any class of creditors, devisees, legatees, heirs, next of kin, or others; or
 

 (2) To direct the executor, administrator, or trustee to refrain from doing any particular act in his or her fiduciary capacity; or
 

 
 *583
 
 (3) To determine any question arising in the administration of the guardianship, estate, or trust, including questions of construction of wills and other writings.
 

 Id.
 
 In
 
 King v. Pinellas Central Bank & Trust Co.,
 
 339 So.2d 712 (Fla. 2d DCA 1976), the court interpreted section 86.041 as follows:
 

 This statute is specific that any person ... may bring a suit for declaratory judgment to have his rights declared under the trust and to direct the trustee to refrain from doing any particular act in his fiduciary capacity. The trustee is presumed to protect the rights of all of the beneficiaries of a trust and, therefore, we hold that all antagonistic and adverse interests were before the court through the trustee.
 

 Id.
 
 at 713. Furthermore, “[t]he declaratory judgment act is to be liberally administered and construed.”
 
 Dent v. Belin,
 
 483 So.2d 61, 62 (Fla. 1st DCA 1986). Thus, we hold that pursuant to section 86.041, Fla. Stat., Cheryl, as a beneficiary and potentially wrongfully removed co-Trustee, has standing as an interested person to bring a cause of action for declaratory judgment in the present case.
 

 The standard for determining the sufficiency of a complaint seeking declaratory judgment was established in
 
 May v. Holley,
 
 59 So.2d 636 (Fla.1952):
 

 Before any proceeding for declaratory relief should be entertained it should be clearly made to appear that there is a bona fide, actual, present practical need for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interests are all before the court by proper process or class representation and that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity. These elements are necessary in order to maintain the status of the proceeding as being judicial in nature and therefore within the constitutional powers of the courts.
 

 Id.
 
 at 639. Further, “[t]he test of the sufficiency of a complaint in a declaratory judgment proceeding is not whether the complaint shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theory and contention, but whether he is entitled to a declaration of rights at all.”
 
 Dent,
 
 483 So.2d at 61.
 

 Cheryl pled extensive factual allegations regarding her sister, Cia’s, alleged wrongful amendment of the family Trust and mismanagement of the Trust res. Cheryl states that Elaine Wells was diagnosed with Alzheimer’s in 2004, and in 2005 the Trust was amended. The amendment to the Trust made Cia the sole Trustee until Elaine Wells’ death despite Elaine’s clear intention in the original Trust to always have two co-Trustees in place. Based on these allegations, Cheryl’s complaint states a cause of action for declaratory judgment because (1) there is a present controversy and need for the declaration, (2) Cia, as former co-Trustee and current sole Trustee, is a proper adverse party, and (3) Cheryl’s powers and privileges are dependent upon the facts or the application of law to the facts.
 
 See May,
 
 59 So.2d at 639.
 

 We also reverse the trial court’s dismissal with prejudice of Cheryl’s claims of breach of fiduciary duty and conversion.
 
 *584
 
 In the event that Cheryl successfully obtains declaratory relief on remand and is restored as co-Trustee, she may then bring these causes of action against defendants, Cia Wells and Eugene Kennedy
 
 [2]
 
 . We affirm the trial court’s dismissal with prejudice as to all other named defendants for either lack of personal jurisdiction or failure to state a cause of action.
 

 Affirmed in part, reversed in part, and remanded.
 

 WARNER and TAYLOR, JJ., concur.
 

 [1]
 

 . Appellees, Bogutz & Gordon, P.C., Bjorn-dahl, Kinghorn and Tomasa, were not named defendants in the first complaint but were added as defendants in Cheryl Wells' second amended complaint. These four defendants are also foreign defendants while the remaining named defendants are not.
 

 [2]
 

 .
 
 Rosenstone v. Satchell,
 
 560 So.2d 1229, 1229-30 (Fla. 4th DCA 1990) ("[A]n attorney may be held liable for breach of his duties to one who engages his services or to one who he knows is the intended beneficiary of his services.”).