WARNER, J.
The main issue presented in this appeal is whether an estate or a beneficiary of a revocable trust created by the decedent may compel the trustee to render an accounting of receipts and disbursements made during the life of the decedent, where the trust did not require account-ings, the settlor never .requested account-ings during her lifetime, and there is no showing of any breach of .fiduciary duty on the part of the trustee. The estate’s interest here stems from the trust’s obligation to pay the expenses of probate administration, and the beneficiary’s interest vested upon the death of the decedent, when the trust became irrevocable. We hold that, under the facts of this case, the trust has no duty to account to the estate or. the beneficiary for the years during which the trust was revocable.
In 2000, Thelma Coleman created a revocable trust, the net income and principal of which were to be paid to her for her benefit.' She appointed herself as trustee and her granddaughter, Jennilynn Smith, as successor trustee. After Coleman’s death, the trust divided the trust assets into four equal shares. One share went to Coleman’s daughter, one to her son, one to her three grandchildren, and one to her six surviving siblings, which included appellant Betty Hilgendorf.
Before her death, Coleman voluntarily resigned as trustee, and Smith succeeded her, Coleman wanted to "place a buffer between her and family members who were pressuring her to lend them money or forgive niortgage notes that she had funded for them.
Despite the change in trustee, Coleman continued to manage and control the trust assets and use .them as her. own, as she had always done. The trust did not require accountings. The trust instrument merely stated that the books and records of the trust would be open and available for inspection by the grantor or any beneficiary of the trust. Coleman, however, continued to keep all the books and records herself, After Coleman’s death, the trust instrument required that the successor trustee provide an accounting of the trust to each beneficiary, at-least annually, of all receipts and disbursements from the trust account, including an inventory of the amounts held in trust for each beneficiary.
Coleman died in 2007. Smith and Hilgendorf were appointed co-personal representatives of the estate. The trust was the sole residuary beneficiary of the estate, which included several notes and mortgages executed to Coleman. One of the notes, for $80,000, was executed by Hilgendorf, and the estate assigned these notes to the trust.
For the purposes of this litigation, we will not detail all the back and forth between Hilgendorf and Smith. Both moved the court to remove the other as personal representative, and both- motions were denied. .Hilgendorf then sought, and was allowed by the court, to file suit against Smith, as trustee, for a pre-death accounting of the trust. In that petition, Hilgen- *1264 d'orf alleged that Coleman had created a revocable trust for her benefit during her lifetime, and Smith had become the trustee. As the trust was a beneficiary of the estate, Hilgendorf alleged that she, as personal representative, was entitled to an accounting of the trust for the years that Smith was trustee prior to Coleman’s death. Later, Hilgendorf amended the petition to include multiple post-death claims against Smith as trustee, and amended the claim for pre-death accounting to bring it individually as a beneficiary of the trust as well as personal representative of the estate.
Smith moved to remove Hilgendorf as personal representative, based upon, her conflict with Smith, as well as her contest of her promissory .note held by the trust. The court agreed and removed Hilgendorf as personal representative.
After the court’s action, Smith then moved to dismiss Hilgendorfs complaint seeking pre-death accountings from the trust because there was no longer a party to maintain the accounting action. Moreover, Smith contended that neither the estate nor Hilgendorf as a post-death beneficiary. of the trust were entitled to pre-death accountings. Although Hilgendorf sought to. have an administrator ad litem appointed, the court denied the appointment and dismissed the accounting ease on the ground .that as a matter of law a trustee has no duty to account to a remainder beneficiary of a revocable trust. This appeal follows.
A party’s entitlement to a pre-death accounting of a revocable trust is a question of law and thus the standard of review on appeal is de novo. See Corya v. Sanders, 76 So.3d 31 (Fla. 4th DCA 2011) (holding that a trial court’s decision to compel an accounting is reviewed de novo).
Coleman created a revocable trust, the provisions of which became irrevocable upon her death. Until that time, the trust benefitted only her. It provided no duty for the trustee to account to her during her lifetime, requiring only that books and records be available for inspection. Although not in effect on the date the trust was created, these provisions comport with section 736.0603(1), Florida Statutes (2007), which provides that “[w]hile a trust is revocable, the duties of the trustee are owed exclusively to the settlor.” § 736.0603(1), Fla. Stat. This codified prior law, which held that a trustee owes duties to the settlor/beneficiary of a revocable trust and not to contingent beneficiaries. Brundage v. Bank of America, 996 So.2d 877 (Fla. 4th DCA 2008).
As explained in Brundage, while a trustee owes no duties to a contingent beneficiary, once the trust becomes irrevocable at the death of the settler, “the beneficiary may sue for breach of a duty that the trustee owed to the settlor/beneficiary which was breached during the lifetime of the settlor and subsequently affects the interest of the vested beneficiary.” Id. at 882. In Brundage, for example, the beneficiaries accused the trustee of violating a specific provision of the trust regarding self-dealing in the creation of partnerships and transfer of stock to those partnerships which benefited one of the trustees, the decedent’s niece.
In this case, however, Hilgendorf did not sue for the violation of a specific provision of the trust. She only sought an accounting, which was not required by the trust or any statute. In fact, section 736.0813, Florida Statutes (2012),[1] which *1265 provides for the duty of the trustee to provide trust accountings to qualified beneficiaries, specifically does not apply while a trust is revocable: “As provided in s. 736.0603(1), the trustee’s duties under this section extend only to the settlor while a trust is revocable.” Thus, a statutory duty to account to the qualified beneficiaries does not arise until a trust becomes irrevocable.
Carvel v. Godley, 939 So.2d 204 (Fla. 4th DCA 2006), relied on by Hilgendorf, is distinguishable. There, the settlor created a revocable trust. Id. at 206. The set-tlor’s guardian, during the lifetime of the settlor, filed suit to compel accountings from the trustee and- claimed that the trustees failed to provide for the support of the settlor, mismanaged the trust assets, and charged excessive compensation. Id. The trustees provided some accountings, to which the guardian filed objections.- Id. After the settlor died, the guardian who became the personal representative of the estate, continued her claims against the trustees, including her objections to the accountings. Id. at 207. This court held that she had standing to maintain her objections and claims against the trustees, because the estate was an intended beneficiary of the trust, in that the. trust was required to pay the expenses of probate administration upon the settlor’s death. Id. at 207-08. The personal representative had notified the trust, pursuant to section 733.607(2), Florida Statutes, of the insufficiency of the estate to pay the expenses. Id. at 208.
Thus, in Carvel, the demand for account-ings and claims against the trustees were filed on behalf of- the settlor during her lifetime and while she had the right to demand an accounting of the trustees of her revocable trust. And after her death, the estate was a beneficiary to the extent that the trust was to pay for the expenses of administration which had gone unpaid. Therefore, the. trustees had breached a provision of the trust. Finally, Carvel was decided prior to the enactment of section 736.0813, Florida Statutes, which limits the duty to account.
In contrast, during her lifetime, Coleman had never demanded an accounting from Smith. While the trust had a provision for the payment of probate administration expenses, all of these had already been paid by the trust at the time the petition for accounting was filed, and the estate had not certified any demand for payment of expenses from the trust. Thus, the estate did not have an interest in the outcome of any accountings.
We also find Hilgendorfs citation to Siegel v. Novak, 920 So.2d 89 (Fla. 4th DCA 2006), unpersuasive on the issue, as Siegel was decided based upon New York law. Moreover, just as in Carvel and Brwndage, the beneficiaries in Siegel had sued the trustees for breach of their fiduciary duties for violating specific terms of the trust, claiming that the trustees made excessive expenditures and distributions unauthorized by the specific terms of the trust. Siegel, 920 So.2d at 93.
Here, Hilgendorf makes no claim that Smith, as successor trustee, violated any of the terms of the trust during Coleman’s lifetime. She merely claims a general right to an accounting of the trust while the trust was revocable. As neither the trust nor the statutes impose a duty of the trustee to render accountings to a contingent beneficiary while a trust remains revocable, we conclude that there is no authority to impose that duty retroactively after the settlor is deceased and the trust becomes irrevocable, absent any claim of *1266 breach of fiduciary duty in carrying out the terms of the trust.
• Consolidated with this appeal is an appeal by Hilgendorf of an order staying further proceedings of her individual claims involving post-death breaches by Smith pending resolution of the trustee’s separate suit against Hilgendorf on the note she owed to trust.[2] This is a non-final order vdiich does not finally determine any right. See Fla. R. App. P. 9.170(b). It is also not an order related to the appeal .regarding the pre-death ac-countings such that Rule 9.170(e) would apply. Thus, we dismiss the appeal of the order staying further proceedings.
Affirmed, as to the final judgment of dismissal of the pre-death accounting proceedings; dismissed as to the order staying further proceedings in the breach case.
MAY, J., and ARTAU, EDWARD L., Associate Judge, concur.

. This statute was not in effect when the trust was created and by its terms only “applies to trust accountings rendered for accounting pe *1265 riods beginning on or after July 1, 2007.” § 736.0813(5), Fla. Stat.

. The court stayed the proceedings, because if ' -Smith prevailed in the note claim, a judgment against Hilgendorf would far exceed the value of her beneficial interest in the trust, and Smith contended in that case, Hilgendorf would no longer have standing to proceed with her breach claims.