# Third District Court of Appeal

## State of Florida

Opinion filed October 15, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0409
Lower Tribunal No. 21-3338-CP-02
_____

**Dagoberto Capo, et al.,**
Appellants,

vs.

**Julio C. Capo, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Bertila Soto, Judge.

Rosenthal, Rosenthal, Rasco, LLC, and Eduardo I. Rasco, and Steve M. Bimston, for appellants.

Lauri Waldman Ross, P.A. and Lauri Waldman Ross, for appellees Julio Capo and Jesus Capo, as Trustees.

Law Offices of Robert P. Frankel, P.A., and Robert P. Frankel (Plantation), for appellees/intervenors, Luis E. Capo, Carlos E. Capo, Roberto Capo and Pedro Capo.

Katz Baskies & Wolf PLLC, and James R. George, and Tattiana B. Stahl (Boca Raton), for appellees Julio Capo and Jesus Capo, as Trustees.

Before SCALES, C.J., and LOBREE and GOODEN, JJ.

PER CURIAM.

This case arises from a contentious probate dispute involving the Capo family. In 1967, Manuel and Aida Capo moved from Cuba to the United States. Along with their mutual six children, the family started their business, El Dorado Furniture. This family was very close and devoted their lives to this business and to each other.

Manuel had another son from a previous relationship, Dagoberto Capo. Dagoberto stayed in Cuba until 1978. Upon arrival, he only worked at the business for a short period of time. He quit to open his own business.[1]

Manuel and Aida spent decades succession and estate planning to ensure a legacy for their family and their business. They both executed wills and set up reciprocal revocable trusts. These trusts would be split into sub-trusts upon their deaths. These sub-trusts named each other as the primary beneficiary. Each had the power of appointment. At the death of the last surviving spouse, the trustees were to divide the trust estate into equal

---

[1] But at the request of Manuel, the family continued to pay Dagoberto for about 35 years. Ultimately, Dagoberto was paid over $2.5 million plus health insurance.

2

shares for each living child, and Dagoberto's share would further be divided among his children. The couple also transferred their home in Miami Beach to an LLC through an estate freeze transaction. Six grantor trusts were set up under which the six mutual sons would each buy a membership interest in the home. The couple also transferred all shares in their business to their six mutual sons.

Manuel Capo unexpectedly passed away in 2009. Thereafter, Aida set up irrevocable gift trusts for Dagoberto's children—Maday Capo and Manuel Capo, Jr. But in the years following Manuel's death, Dagoberto never went to see Aida. Aida passed away in 2018.

Appellants Dagoberto, Maday, and Manuel, Jr. initially sought an interest in El Dorado Furniture. Summary Judgment was entered against them and the trial court ruled that Manuel and Aida Capo had transferred all their shares in the company to their six mutual sons before their death.

Dagoberto, Maday, and Manuel, Jr. then pursued other claims, asserting a failure to furnish accountings for Manuel's and Aida's revocable trusts, breach of fiduciary duty, fraudulent conveyance of the family home, and tortious interference with testamentary expectancy. The trial court conducted a six-day nonjury trial on these issues. It heard testimony from fourteen witnesses and considered hundreds of exhibits. It then issued a

detailed forty-five-page final judgment rejecting the claims of Dagoberto, Maday, and Manuel, Jr.

After reviewing the record, analyzing the briefing of the parties, and conducting oral argument, we find no legal error.  See § 736.0603(1), Fla. Stat. (2018); § 736.0813(4), Fla. Stat. (2018); Anderson v. Dimick, 77 So. 2d 867, 868 (Fla. 1955) ("It is perfectly clear that the remainders are contingent and are not vested."); Hilgendorf v. Est. of Coleman, 201 So. 3d 1262, 1264 (Fla. 4th DCA 2016) (explaining section 736.0603, Florida Statutes, "codified prior law, which held that a trustee owes duties to the settlor/beneficiary of a revocable trust and not to contingent beneficiaries.").  Likewise, we find the trial court's factual findings are supported by competent, substantial evidence.  Swiss v. Flanagan, 329 So. 3d 199, 202 (Fla. 3d DCA 2021).  As a result, we affirm in all respects.

Affirmed.